UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (RNC) |
| v. | : | |
| TOWN OF ANSONIA, ET AL | : | MARCH 3, 2003 |

## ANSWER & AFFIRMATIVE DEFENSES

    1.    As to paragraphs 1, 2, 3, 9, 10, 11, 12, and 17, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

    2.    That portion of paragraph 4 which states: "During all times mentioned in this Complaint, the town of Ansonia was a municipal corporation organized and operating under the laws of the State of Connecticut." is admitted.  As to the remainder of paragraph 4, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiffs to their burden of proof.

    3.    That portion of paragraph 5 which states: "During all times mentioned in this Complaint, defendant Zalinsky was a sergeant acting within the course of and in the scope of his duties as a member of the Ansonia Police Department." is admitted.  As to the remainder of paragraph 5, this defendant does not have sufficient knowledge

or information upon which to base a belief or opinion and, therefore, leaves the plaintiffs to their burden of proof.

    4.    That portion of paragraph 6 which states: "During all time mentioned in this Complaint, defendant Hale was the chief of the Ansonia Police Department, acting within the course of and in the scope of his duties as chief of the department." is admitted.  As to the remainder of paragraph 6, this defendant does not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leaves the plaintiffs to their burden of proof.

    5.    Paragraph 7 is admitted.

    6.    Paragraphs 8, 13, 14, 15, 16, 18 and 20 are denied.

    7.    That portion of paragraph 19 which states: "As a direct and approximate result of the acts and omissions of the defendants herein described," is denied.  As to the remainder of paragraph 9, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof.

## BY WAY OF AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

The plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense:**

The plaintiffs' claims against defendants are barred by the doctrine of qualified immunity.

**Third Affirmative Defense:**

The plaintiffs' claims are barred by the doctrine of governmental immunity.

**Fourth Affirmative Defense:**

If the plaintiffs have a claim against any other insurer under any provision in an insurance policy, other than a claim against the policy of LEGION INSURANCE COMPANY which is expressly denied, which is also a covered claim under Conn. Gen. Stat. §§ 38a-836 to 38a-853, inclusive, shall exhaust first his rights under such policy, and pursuant to Conn. Gen. Stat. § 38a-845(1), any amount payable by LEGION INSURANCE COMPANY on a covered claim under Conn. Gen. Stat. §§ 38a-836 to 38a-853, inclusive, shall be reduced by the amount recoverable under that insurance policy and chapter 568 of the Connecticut General Statutes.

**Fifth Affirmative Defense:**

If the plaintiffs have a claim under any governmental insurance or guaranty program which such claim is also a covered claim shall be required to first exhaust his rights under such program and pursuant to Conn. Gen. Stat. § 38a-845(3), any amount payable by LEGION INSURANCE COMPANY, which is expressly denied, on a covered claim under sections 38a-836 to 38a-853, inclusive, shall be reduced by any amount recoverable under such program.

DEFENDANTS,
TOWN OF ANSONIA, SERGEANT ZALINSKY AND KEVIN HALE


By_____
  Beatrice S. Jordan
  ct22001
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (Fax)

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 3rd day of March, 2004.

Norman A. Pattis, Esquire
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

                                                                                            _____
                                                                                                  Beatrice S. Jordan