UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.:  3:01CV02224 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF ANSONIA, ET AL | : | JANUARY 18, 2005 |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(c), the defendants hereby move for summary judgment as to the plaintiffs' Complaint dated November 26, 2001.

As is more particularly set forth in the attached supporting memorandum of law, the defendants are entitled to judgment as a matter of law for the following reasons:

1.    The plaintiffs' claims of a violation of their right to equal protection pursuant to 42 U.S.C. §§1983 and 1988 fail as a matter of law as the plaintiffs cannot establish the requisite violation of a constitutional right;

2.    The plaintiffs' claims of violations of their right to equal protection fail as a matter of law as the plaintiffs are unable to establish that they were treated differently from others similarly situated;

3.    The plaintiffs fail to state a claim against the Town of Ansonia;

4.    The individually named defendants are entitled to qualified immunity;

5.      To the extent that the plaintiffs seek to allege state law claims, such causes of action are barred by the doctrine of governmental immunity.

WHEREFORE, the defendants respectfully request that this Court grant their Motion for Summary Judgment.

DEFENDANTS,
TOWN OF ANSONIA, SERGEANT
ZALINSKY AND KEVIN HALE


By____/s/_Beatrice S. Jordan____
    Beatrice S. Jordan
    ct22001
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 18th day of January, 2005.


Kit Engstrom, Esquire
Kim Coleman Waisonovitz, Esquire
Norman A. Pattis, Esquire
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510


_____ /s/ Beatrice S. Jordan_ __
Beatrice S. Jordan

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (RNC) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF ANSONIA, ET AL | : | JANUARY 18, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.      BACKGROUND**

The plaintiffs brought this action by way of a single count complaint dated

November 26, 2001, against the Town of Ansonia, Sergeant Zalinsky and Kevin Hale.

The complaint sets forth a claim against the individual defendants, Sergeant Zalinsky

and Chief Kevin Hale, for violation of the plaintiffs' Fourteenth Amendment equal

protection rights based on the alleged failure to pursue complaints the plaintiffs lodged

against their neighbors, the Hoffmans.  Specifically, the plaintiffs allege that they

purchased and moved into a townhouse situated in a two-unit duplex in 1997.  (See

Complaint dated November 26, 2001 at ¶9.)  The adjoining property was occupied by

James and Sharon Hoffman.  (See Id.)  The plaintiffs further allege that, immediately

after taking possession of their townhouse, the Hoffmans began pounding on the

adjoining wall, and initiated several complaints to the Ansonia Police Department

against the plaintiffs.  (See Complaint, at ¶¶10-11.)  According to the plaintiffs, the Ansonia Police Department failed to arrest the Hoffmans for filing false complaints against them despite the plaintiffs' requests that the Hoffmans be arrested on such charges.  (See Id., at ¶¶12-13.)

The plaintiffs further allege that the defendants had knowledge that the Hoffmans had a history of making reckless and untrue allegations against neighbors as a means of trying to exert control over the conduct and behavior of their neighbors. (See Id., at ¶14.)

Additionally, the plaintiffs allege that it is their belief that the Ansonia Police Department has a policy, practice and custom of not taking civilian complaints regarding the filing of false reports in the context of neighborhood disputes thereby depriving them of equal protection of the law pursuant to the Fourteenth Amendment to the United States Constitution.  (See Id., at ¶15.)  The plaintiffs further allege that the alleged policy, practice and custom was endorsed and ratified by Chief Kevin Hale. (See Id.)

Finally, the plaintiffs invoke this Court's supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a).  However, the complaint does not allege any causes of action based on state constitutional violations, state law, tort or otherwise.

2

The defendants hereby incorporate by reference the Statement of Undisputed Facts contained in the attached Local Rule 56(a)1 Statement which provides a more detailed background of the incident.

The defendants now move for summary judgment as to the Complaint for the reasons more fully set forth herein.

## II.    STANDARD OF REVIEW ON SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) requires the entry of Summary Judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A factual dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A "material fact" is one whose resolution will affect the ultimate determination of the case.  Id.  In determining whether a material issue of fact exists, the Court must resolve all ambiguities and draw all inferences against the moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 255, 106 S.Ct. at 2513; J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3rd Cir. 1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991).  However, "the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Samuels v. Smith</u>, 839 F. Supp. 959, 962 (D. Conn. 1993).

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 256, 106 S.Ct. at 2510; <u>see</u> <u>also</u>, <u>Knight v. United States Fire Insurance Co.</u>, 804 F.2d 9, 12 (2d Cir. 1986), <u>cert.</u> <u>denied</u>, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 763 (1987); <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d Cir. 1980).  Thus, once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue.  <u>See Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed. 265 (1986).  "Neither courts nor defendants should be subjected to trials which can be little more than harassment."  <u>Applegate v. Top Associates, Inc.</u>, 425 F.2d 92, 96 (2d Cir. 1970).

When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial.  <u>See Equimark Commercial Finance Co. v.</u>

C.I.T. Financial Services Corp., 812 F.2d 141, 144 (3d Cir. 1987).  Where evidence is

submitted in support of, or in opposition to, a motion for summary judgment, such

evidence must be presented in a manner consistent with its admissibility at trial.  See

First National Bank of Clinton, Ill. v. Insurance Co. of North America, 606 F.2d 760 (7th

Cir. 1979) (in ruling on summary judgment motion, the District Court properly relied on

documents and exhibits identified by affidavit).  Unsworn statements of the parties,

letters addressed to litigants from third persons, and hearsay which does not fall under

one or more of the exceptions listed in Rules 803 through 805 of the Federal Rules of

Evidence, may not properly be considered.  See Adickes v. S.H. Kress & Co., 398

U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Beyene v. Coleman Security Servies,

Inc., 854 F.2d 1179 (9th Cir. 1988); Edward B. Marks Music Corp. v. Stasny Music

Corp., 1 F.R.D. 720 (S.D.N.Y. 1941).


III.    LAW AND ARGUMENT

      A.    THE PLAINTIFFS' CLAIMS OF A VIOLATION OF THEIR RIGHT TO EQUAL
          PROTECTION PURSUANT TO 42 U.S.C. §§1983 AND 1988 FAIL AS A
          MATTER OF LAW AS THE PLAINTIFFS CANNOT ESTABLISH THE
          REQUISITE VIOLATION OF A CONSTITUTIONAL RIGHT

In order to sustain a cause of action pursuant to 42 U.S.C. §1983, the plaintiff

must present facts which indicate a deprivation of constitutional rights.  See Colombo

v. O'Connell, U.S. District Court, District of Connecticut, Docket No. 3:00CV1559

(JCH) (Dec. 27, 2001), citing, Spear v. West Hartford, 952 F.2d 63, 67 (2d Cir. 1992).

The defense of qualified immunity shields government agents "from liability for civil

damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known."  McEvoy v.

Spencer, 124 F.3d 92, 97 (2d Cir. 1997), quoting Harlow v. Fitzgerald, 457 U.S. 818.

A right is "clearly established" when "[t]he contours of the right [are] . . .

sufficiently clear that a reasonable official would understand that what he is doing

violates that right . . . [T]he unlawfulness must be apparent." Anderson v. Creighton,

483 U.S. 640.  See e.g., Malley v. Briggs, 475 U.S. 335, 341 (1986) (qualified

immunity protects "all but the plainly incompetent or those who knowingly break the

law."); Mitchell v. Forsyth, 472 U.S. 511, 528 (1985) (officials are immune unless "the

law clearly proscribed the actions they took.").

In determining whether a particular right was clearly established for purposes of

assessing the applicability of qualified immunity, the Second Circuit has considered

three factors:

> (1) whether the right in question was defined with "reasonable
> specificity"; (2) whether the decisional law of the Supreme Court and the
> applicable circuit court support the existence of the right in question; and
> (3) whether under preexisting law a reasonable defendant or official
> would have understood that his or her acts were unlawful.

Jermosen v. Smith, 945 F.2d 547, 550 (2d Cir. 1991).

In the instant matter, the plaintiffs allege that the defendants violated their rights to equal protection of the laws in failing to arrest and/or investigate their neighbors, the Hoffmans, on charges of filing false complaints against the plaintiffs.  The plaintiffs' claims of failure to investigate and failure to arrest, however, are insufficient to establish a constitutional violation.

In Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973), the U.S. Supreme Court addressed the very issue of whether a citizen has a judicially cognizable right to the investigation or criminal prosecution of another. Specifically, the Court held as follows:

> The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted not threatened with prosecution.  See Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 749, 749, 27 L.Ed.2d 669 (1971); Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (19620; Poe v. Ullman, 367 U.S. 497, 501, 81 S.Ct. 1752, 1754, 6 L.Ed.2d 989 (1961).  Although these cases arose in a somewhat different context, they demonstrate that, in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

Linda R.S. v. Richard D., 410 U.S. at 619.

Other courts addressing the issue have, likewise, held that one does not have a recognized constitutional right to have another individual investigated or prosecuted. See Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that the equal protection clause of the Fourteenth Amendment does not afford a member of the

public at large, or a victim, to have a defendant criminally prosecuted); <u>Osuch v.</u>
<u>Gregory</u>, 303 F.Supp.2d 189, 194 (D. Conn. 2004) (holding that "an alleged victim of a
crime does not have a right to have the alleged perpetrator investigated or criminally
prosecuted"); <u>Fox v. City of New York</u>, 2004 WL 856299, *8 (S.D.N.Y.) (attached as
**Exhibit L**) (holding that "a private citizen does not have a constitutional right to compel
government officials to arrest or to prosecute another person"); <u>Woods v. Miamisburg</u>
<u>City Schools</u>, 254 F.Supp.2d 868 (S.D. Ohio 2003) (holding that "the law is clear that a
private citizen has no constitutional, statutory, or common law right to require a public
official to investigate or prosecute a crime," and further that a police officer is under no
constitutional obligation to prevent harassment by private parties); <u>Doe v. Mayor and</u>
<u>Council of Pocomoke City</u>, 745 F.Supp. 1137, 1139 (D. Maryland 1990) (holding that
"a public official charged with the duty to investigate or prosecute a crime does not
owe that duty to any one member of the public.  Therefore, no one member of the
public has a right to compel a public official to act.").

Based on the foregoing, the defendants are entitled to qualified immunity as the
plaintiffs are unable to establish that the defendants violated a clearly established right
in failing to arrest and/or investigate the Hoffmans on the charges of filing false
complaints against the plaintiffs.  Accordingly, the defendants are entitled to judgment
as a matter of law.

**B.**     **THE PLAINTIFFS' CLAIMS OF VIOLATIONS OF THEIR RIGHT TO EQUAL PROTECTION FAIL AS A MATTER OF LAW AS THE PLAINTIFFS ARE UNABLE TO ESTABLISH THAT THEY WERE TREATED DIFFERENTLY FROM OTHERS SIMILARLY SITUATED**

The federal Civil Rights Act, 42 U.S.C. §1983, provides:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. §1983.

In order to prevail on a claim brought pursuant to 42 U.S.C. §1983, a plaintiff must establish that (1) the defendant has deprived him of a right secured by the Constitution and laws of the United States; and (2) the defendant deprived him of this constitutional right under the color of law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

In the instant matter, the plaintiffs allege that the conduct of the defendants violated their right to equal protection under the laws in failing to investigate their complaints regarding James and Sharon Hoffman's alleged filing of false complaints against the plaintiffs, or to arrest the Hoffmans on charges of filing false complaints.

The Equal Protection Clause of the Fourteenth Amendment is "essentially a direction that all persons similarly situated be treated alike."  City of Cleburne v.

9

Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985).  In order to

establish a violation of equal protection based on selective enforcement, a plaintiff

must show both that "(1) the person, compared with others similarly situated, was

selectively treated; and (2) that such treatment was based on impermissible

consideration such as race, religion, intent to inhibit or punish the exercise of

constitutional rights, or malicious or bad faith intent to injure a person." LeClair v.

Saunders, 627 F.2d 606, 609-10 (2nd Cir. 1980), cert denied 450 U.S. 959, 101 S.Ct.

1418; LaTrieste Restaurant & Cabaret v. Port Chester, 40 F.3d 587, 590 (2nd Cir.

1994); Zahra v. Town of Southhold, 48 F.3d 674 (2nd Cir. 1995); Crowley v. Courville,

76 F.3d 47  (2nd Cir. 1996); Harlen Associates v. Inc. Village of Mineola, 273 F.3d 494

(2nd Cir 2001).  Moreover, in order to assert a "class of one" selective equal protection

claim, the plaintiffs must allege and prove the plaintiff alleges that they have been

intentionally treated differently from others similarly situated and that there is no

rational basis for the difference in treatment.  See Harlen Assocs. v. Inc. Village of

Mineola, 273 F.3d 494, 499 (2d Cir.2001), quoting Village of Willowbrook v. Olech, 528

U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000).

        In the instant matter, the plaintiffs are unable to proffer any evidence in support

of their equal protection claim.  First, the plaintiffs' claim that the defendants violated

their right to equal protection of the laws is also based on their belief that the

defendants did nothing to help them.  (See Sherri Pauley Deposition, **Exhibit C**, at

p.76; Discovery Responses of Sherri Pauley, **Exhibit I**, at Interrogatory 11; Discovery

Responses of David Pauley, **Exhibit H**, at Interrogatory 11.)  The plaintiffs' belief that

they were treated differently is insufficient to establish a violation of their equal

protection rights.  Rather, the plaintiffs must identify other individuals similarly situated

who were treated differently.  The plaintiffs, however, by their own admission, are

unable to identify any individuals who were treated differently from them by the

Ansonia Police Department.  (See Sherri Pauley Deposition, **Exhibit C**, at pp.76-77;

David Pauley Deposition, **Exhibit D**, at pp.78-80.)

Accordingly, the defendants are entitled to judgment as a matter of law as to the

plaintiffs' claims of a violation of their equal protection rights as they are unable to

identify any individuals similarly situated who were treated differently by the

defendants.

### C.    THE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST THE TOWN OF ANSONIA

In order to state a claim pursuant to 42 U.S.C. §1983, the complaint must allege

that a person, acting under color of state law, committed an act which deprived the

plaintiff of a right, privilege or immunity secured by the laws or Constitution of the

United States.  See Dove v. Fordham University, 56 F.Supp. 2d 330, 335-36 (S.D.N.Y.

1999).  Where a plaintiff seeks to hold a municipality liable as a "person" within the

meaning of §1983, the plaintiff must establish that the municipality was in some way at fault for the injuries sustained. Id. at 336.

The United States Supreme Court has held that a municipality may be held liable only where the deprivation of a Constitutional right was the result of a municipal policy or custom. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91, 98 S.Ct. 2427, 56 L.Ed.2d 611 (1978); Oklahoma v. Tuttle, 471 U.S. 808, 810, 105 S.Ct. 2018, 56 L.Ed.2d 791 (1985). Thus, in order to state a claim against a municipality pursuant to §1983, a plaintiff must: (1) prove the existence of a municipal policy or custom, the exercise of which caused a deprivation of the plaintiff's rights; and (2) establish an affirmative link between the policy and the alleged constitutional violation. See Oklahoma v. Tuttle, 471 U.S. at 817, 823. A "policy" is a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690. A "custom" is a "persistent and widespread discriminatory practice . . . so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id. at 691 (citation omitted).

In the present case, the plaintiffs have failed to state a claim against the Town of Ansonia pursuant to §1983. The Complaint does not allege that any municipal custom or policy resulted in the deprivation of the plaintiffs' constitutional rights. Rather, the plaintiffs simply allege that, "Upon information and belief the Ansonia Police Department has a policy, practice and custom of not taking civilian complaints

regarding the filing of false police reports in the context of neighborhood disputes."
(See Complaint, at ¶15.)  Such an allegation falls well short of the standard for liability
required by the U.S. Supreme Court in Monell, namely that the deprivation of a
constitutional right was, in fact, the result of a municipal policy or custom.

Additionally, the plaintiffs have conceded that their claim that the defendants
had a policy, practice or custom of not taking civilian complaints regarding the filing of
false complaints in a neighbor dispute is based solely upon their belief that the
defendants did nothing to help them.  (See Discovery Responses of David Pauley
dated May 5, 2004, attached as **Exhibit H**, at Interrogatory 9; Discovery Responses of
Sherri Pauley dated May 5, 2004, attached as **Exhibit I**, at Interrogatory 9.)  Thus, the
plaintiffs are unable to identify, let alone proffer, any evidence establishing that any
such policy or custom existed, or that such a policy or custom resulted in the
deprivation of their constitutional rights.

Moreover, if the Court finds that the defendants did not violate the plaintiffs'
constitutional rights as alleged, the plaintiffs cannot then be deemed to have suffered
any constitutional injury.  In the absence of a constitutional injury, the plaintiffs' Monell
claims against the Town of Ansonia, and its officials, are subject to dismissal as a
matter of law.  See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per
curiam).

In the alternative,

[a]bsent evidence of a municipal policy (i.e., evidence of the policy itself or of the involvement of statutorily authorized policy-making officials), a plaintiff seeking to establish municipal liability under §1983 can only meet his burden by establishing that responsible supervisory officials acquiesced in a pattern of unconstitutional conduct by subordinates. Only after such a pattern of acquiescence is shown, may a municipality be deemed to have sanctioned the unconstitutional conduct.

Dove, 56 F.Supp. 2d at 336, citing Turpin v. Mailet, 619 F.2d 196, 201 (2d Cir. 1980).

In the instant matter, the plaintiffs allege that Chief Hale endorsed and ratified the policy of not investigating civilian complaints regarding the filing of false reports in neighborhood disputes. (See Complaint, at ¶15.) However, as indicated above, the plaintiffs merely assume that such a policy existed based upon the manner in which their complaints were handled by the Ansonia Police Department. (See Discovery Responses of David Pauley dated May 5, 2004, attached as **Exhibit H**, at Interrogatory 9; Discovery Responses of Sherri Pauley dated May 5, 2004, attached as **Exhibit I**, at Interrogatory 9.)

The plaintiffs are unable to proffer any evidence supporting their claim that such a policy, practice or custom existed, or that any such policy, practice or custom was ratified by Chief Hale. Rather, there exists no official or unofficial policy, practice or custom within the Ansonia Police Department to fail or refuse to investigate complaints made by David and Sherri Pauley with regard to their complaints of the alleged filing of false complaints by their neighbors, James and Sharon Hoffman. (See Affidavit of

14

Kevin Hale, attached as **Exhibit K**.)  Similarly, there exists no official or unofficial

policy, practice or custom to fail or refuse to effectuate an arrest based upon

complaints made by David and Sherri Pauley with regard to their complaints of the

alleged filing of false complaints by their neighbors, James and Sharon Hoffman.  (See

Id.)  Contrary to the plaintiffs' unsupported claims, it is the official policy of the Ansonia

Police Department to respond to and investigate complaints at and within the judgment

and discretion of the investigating officers and within the judgment and discretion

afforded to them by law, and to effectuate an arrest arising out of the same where

warranted under the law.  (See Id.)

       Accordingly, the plaintiffs' claims against the Town of Ansonia fail as matter of

law.  The Town of Ansonia is, therefore, entitled to summary judgment.

    **D.**    <u>THE INDIVIDUALLY NAMED DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY</u>

       Qualified immunity shields police officers from suits for damages under 42

U.S.C. §1983, unless their actions violate clearly established rights of which an

objectively reasonable official would have known.  See Harlow v. Fitzgerald, 457 U.S.

800, 818 (1982).  "Qualified immunity is an entitlement not to stand trial or face the

other burdens of litigation.  [It] is an immunity from suit rather than a mere defense to

liability . . . "  Saucier v. Katz, 533 U.S. 194, 200-01 (2001) (citations omitted; internal

quotation marks omitted).  The summary judgment standard to be applied in cases

involving the affirmative defenses of qualified immunity was articulated in <u>Lennon v.</u>

<u>Miller</u>, 66 F.3d 416, 422 (2d Cir. 1995), as follows:

> To establish qualified immunity, a defendant must demonstrate either that his conduct did not violate any of the plaintiff's . . . clearly established rights, . . . that would have been known to a reasonable person or that it was objectively reasonable for him to believe that his . . . actions did not violate any of those clearly established rights.

The availability of this defense does not depend on whether the plaintiff's rights

were in fact violated.  <u>Id</u>.  "[L]aw enforcement officials will in some cases reasonably

but mistakenly conclude that probable cause is present, and we have indicated that in

such cases those officials -- like other officials who act in ways they reasonably believe

to be lawful -- should not be personally liable."  <u>Id</u>. at 423, <u>citing</u>, <u>Anderson v.</u>

<u>Creighton</u>, 483 U.S. 635, 641 (1987).

A law enforcement officer seeking summary judgment on the ground of qualified

immunity bears the burden of proving that it was "objectively reasonable" for him to

believe that his behavior did not violate the plaintiff's clearly established constitutional

rights.  This is the test to be used in the instant case, namely, whether it was

"objectively reasonable" for the defendant officers to believe that they were not

violating any of the plaintiffs' constitutional rights in not investigating or arresting the

Hoffmans for the filing of complaints against the plaintiffs.  <u>See</u> <u>Lennon v. Miller</u>, 66

F.3d 422.

The undisputed facts relevant to the determination of the objective reasonableness of Sergeant Zalinsky and Chief Kevin Hale's belief that they were not violating any of the plaintiffs' constitutional rights in not investigating or arresting the Hoffmans for the filing of complaints against the plaintiffs are as follows:

1. The majority of the complaints made by the Hoffmans regarding the plaintiffs were noise complaints.  (See Incident Details Log re Complaints by James and Sharon Hoffman, attached as **Exhibit A**; Call Summary Reports re Complaints by James and Sharon Hoffman, attached as **Exhibit B**.)

2. Sherri Pauley does not have any information or documentation confirming that the Hoffmans were filing and/or making false complaints regarding the plaintiffs as all of the complaints were based upon the plaintiffs' word versus the word of the Hoffmans. (See Deposition Transcript of Sherri Pauley dated September 29, 2004, at pp.35, 40, 57, attached as **Exhibit C**.)

3. David Pauley does not have any information or documentation confirming that the Hoffmans were filing and/or making false complaints regarding the plaintiffs as all of the complaints were based upon the plaintiffs' word versus the word of the Hoffmans. (See Deposition Transcript of David Pauley dated October 11, 2004, at p.70, attached as **Exhibit D**.)

4. The plaintiffs themselves made several complaints against the Hoffmans regarding noise from their unit and claims that the Hoffmans were pounding on the adjoining wall.  (See Incident Details Log re Complaints by David and Sherri Pauley, attached as **Exhibit E**; Call Summary Reports re Complaints by David and Sherri Pauley, attached as **Exhibit F**; Sherri Pauley Deposition, **Exhibit C**, at p.46; David Pauley Deposition, **Exhibit D**, at p.34.)

5. The Ansonia Police Department responded to each and every complaint made by the plaintiffs, and would speak with both the plaintiffs and the Hoffmans regarding the complaints.  (See Sherri

Pauley Deposition, **Exhibit C**, at pp.46, 53-54; David Pauley Deposition, **Exhibit D**, at p.34.)

6.      On a few of those occasions on which the plaintiff, Sherri Pauley, called the Ansonia Police Department, she requested that they not respond, and further that she merely wanted the incident on file. (See Sherri Pauley Deposition, **Exhibit C**, at pp.46-47.)

7.      On July 13, 2000, James and Sharon Hoffman were arrested following one of their own complaints against the plaintiffs, and charged with Breach of Peace in violation of Conn. Gen. Stat. §53a-181 and Threatening in violation of Conn. Gen. Stat. §53a-62. (See Case Incident Report dated July 13, 2000, attached as **Exhibit G**.)

8.      David and Sherri Pauley could not, and did not, produce any information or evidence to Sergeant Zalinsky or Chief Hale tending to show that the complaints made by the Hoffmans were false and/or falsely made in an effort to harass or exert control over the plaintiffs as alleged in the complaint. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

9.      No information or evidence existed which demonstrated that the complaints made by the Hoffmans were, in fact, false. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

10.     The complaints made by David and Sherri Pauley regarding the Hoffmans also involved subjective noise complaints. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

11.     The Ansonia Police Department responded to each of the thirteen complaints made by David and Sherri Pauley. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

Based on the foregoing, it was objectively reasonable for the defendants to believe that they were not violating the plaintiffs' constitutional rights by not arresting the Hoffmans on charges of allegedly filing false complaints against the plaintiffs. The

plaintiffs themselves concede that they were unable to proffer any evidence or information to the defendants which confirmed that the Hoffman complaints were false. Accordingly, no evidence or information existed to demonstrate to the defendants that probable cause in fact existed to arrest the Hoffmans on charges of filing false complaints.

Accordingly, the defendants are entitled to judgment as a matter of law as their conduct was objectively reasonable and, therefore, protected pursuant to the doctrine of qualified immunity.

    **E.**    **TO THE EXTENT THAT THE PLAINTIFFS SEEK TO ALLEGE STATE LAW CLAIMS, SUCH CAUSES OF ACTION ARE BARRED BY THE DOCTRINE OF GOVERNMENTAL IMMUNITY**

Under Connecticut common law, municipalities are provided with immunity from liability for their arguably tortious acts.  See Williams v. City of New Haven, 243 Conn. 763, 766 (1998); Heigl v. Bd. of Ed., 218 Conn. 1, 4 (1991); Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1994).  Additionally, a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating such immunity. See Williams, 243 Conn. at 767.

The doctrine of governmental immunity, however, does not offer municipalities a blanket protection for all official acts.  See Heigl v. Bd. of Ed., 218 Conn. at 4. Municipalities enjoy governmental immunity from liability for the performance of governmental acts as distinguished from ministerial acts.  See Id.; Gordon v.

19

Bridgeport Housing Authority, 208 Conn. 161, 167 (1988).  Governmental acts are defined as those which "are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature."  Heigl, 218 Conn. at 5.  A ministerial act is one which is "performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action."  Id.

Likewise, pursuant to Conn. Gen. Stat. §52-557n, a municipality may not be held liable for negligent acts or omissions which require the exercise of judgment or discretion.  Specifically, municipalities are immune for the "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."  Conn. Gen. Stat. §52-557n(a)(2)(B).

Similarly, a municipal employee is liable for the misperformance of ministerial acts, but has a qualified immunity in the performance of governmental acts.  See Elliot v. City of Waterbury, 245 Conn. 385, 411 (1998).  Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature.  See Heigl v. Bd. of Ed., 218 Conn. 1, 5 (1991).  In contrast, "[m]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion."  Mulligan v. Rioux, 229 Conn. 716, 727 (1994) (Citations omitted; internal quotations omitted).  Municipal employees are entitled to governmental immunity for acts which require the sound exercise of discretion.  See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180-181 (1988).  "The hallmark of a

20

discretionary act is that it requires the exercise of judgment." <u>Lombardi v. Edward J. Peters., P.C.</u>, 252 Conn. 623, 628 (2000).

The determination of whether an act is discretionary or ministerial can be decided as a matter of law where it is apparent from the allegations in the complaint. <u>See</u> <u>Evon v. Andrews</u>, 211 Conn. 501, 505-507 (1989); <u>Lombardi v. Edward J. Peters., P.C.</u>, <u>supra</u>, 252 Conn. 628.

"[I]t is firmly established that the operation of a police department is a governmental function, . . . [and] that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality." <u>Gordon</u>, <u>supra</u>, 208 Conn. 180 (internal quotation marks omitted).  Moreover, the training and supervision of police officers involve discretionary functions.  <u>See</u> <u>Cook v. Hartford</u>, 1992 WL 220102 (Conn. Super., Aug. 31, 1992) (attached as **Exhibit M**).

Finally, policing the community and investigating those who break the law is a governmental function which requires the exercise of discretion.  <u>See</u> <u>Gordon v. Bridgeport Housing Authority</u>, <u>supra</u>, 208 Conn. 180-181.  Similarly, several Connecticut Superior Court cases have held that the process by which a police officer decides to make an arrest or conduct an investigation involves discretionary actions. <u>See</u> <u>Lipka v. Madoule</u>, 2001 WL 1712685 (Conn. Super., Dec. 17, 2001) (attached as **Exhibit N**); <u>Mikita v. Barre</u>, 2001 WL 651161 (Conn. Super., May 22, 2001) (attached as **Exhibit O**); <u>Anderson v. City of New London</u>, 1999 WL 162791 (Conn. Super.,

March 4, 1999) (copy attached as **Exhibit P**); <u>Castorina v. Stewart</u>, 1998 WL 309393 (Conn. Super., June 3, 1998) (copy attached as **Exhibit Q**); <u>Elinsky v. Marlene</u>, 1997 WL 729102 (Conn. Super., November 14, 1997) (copy attached as **Exhibit R**).

At all times mentioned in the Complaint, the defendants were acting within the scope of their employment and performing their duties as members of the Ansonia Police Department. (<u>See</u> Complaint, at ¶¶5-7.) In this case, the plaintiffs' claims arise directly from the alleged actions and inactions of members of the Ansonia Police Department, namely the failure to arrest and/or investigate the Hoffmans for the filing of allegedly false complaints against the plaintiffs.

As the Connecticut Supreme Court has noted, "we do not think that the public interest is served by allowing a jury of laymen with the benefit of 20/20 hindsight to second-guess the exercise of a policeman's discretionary professional duty. Such discretion is no discretion at all." <u>Shore v. Stonington</u>, 197 Conn. 147, 157 (1982). The actions of the defendants are, therefore, protected pursuant to the doctrine of governmental immunity. Accordingly, the defendants are entitled to judgment as a matter of law.

IV.     <u>**CONCLUSION**</u>

For the foregoing reasons, the defendants respectfully request that summary

judgment enter in their favor as to the plaintiffs' Complaint dated November 26, 2001.

DEFENDANTS,
TOWN OF ANSONIA, SERGEANT
ZALINSKY AND KEVIN HALE


By____ __/s/  Beatrice S. Jordan___ _
     Beatrice S. Jordan
     ct22001
     Howd & Ludorf
     65 Wethersfield Avenue
     Hartford, CT  06114
     (860) 249-1361
     (860) 249-7665 (Fax)
     bjordan@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 18th day of January, 2005.

Kit Engstrom, Esquire
Kim Coleman Waisonovitz, Esquire
Norman A. Pattis, Esquire
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____ /s/  Beatrice S. Jordan_ __
Beatrice S. Jordan