RECEIVED
MAY 10 2004
BY: -------------------

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (RNC) |
| V. | : | |
| TOWN OF ANSONIA, ET AL | : | MAY 5, 2004 |

## DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO THE PLAINTIFF

Defendants, Town of Ansonia, Sergeant Zalinsky and Kevin Hale, request that the plaintiff, Sherri Pauley, answer under oath in accordance with Rule 33 of the Fed. R. Civ. P., the interrogatories attached hereto, and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P.

1.     State your residence address, business address, date and place of birth, height, weight, Social Security Number, marital status, driver's license number, and present employer.

**ANSWER:**

**120 E.H. Colchester Tpke, Moodus, CT 06469;
9/26/63, Bridgeport, Connecticut;
5'0", 101 lbs;
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;
married;
CT094363331;
student.**

2.     State the name, address, and years of attendance and graduation for each school you have attended, starting with high school and including college, junior college, technical school, or any other place of continuing education.

**ANSWER:**

**Graduated Stratford High School, evening classes, Stratford, Connecticut**

**Middlesex Community College (attending), Middletown, Connecticut.**

Exhibit I

On one of the occasions my son, Mark, and I were arrested. I was arrested for trespassing. The only time on said day I had gone on the neighbor's property was to knock on their door and ask for the children's ball back. Mrs. Hoffman did not come to the door, so I called and had a police officer come to my home to get the ball from the Hoffman's yard. Later that evening my daughter, Skye, who was three at the time, came to me crying because her ball went over the fence and the neighbors were going to keep it. I looked to see where the ball was and it was right over the three foot fence that separates our yards. (This fence was put up by us to keep our kids from going onto their property.) I simply bent over and picked up the ball from the other side of the fence, never once stepping onto their property. Mr. Hoffman was threatening my son, who at the time was a minor, and telling him to come over into his yard so he could kick his ass. He began calling him names to try to provoke him and make him come into his yard. Despite the fact that I had never actually stepped foot onto their property but to knock on the door earlier that day, I was arrested for trespassing. When the police report was written out at the station, the police officer who did this report lied. I never told him that I had been on the property several times that day.

8. Please state all facts upon which you base your contention that the Ansonia Police Department, Chief Hale and Sergeant Zalinsky had actual notice that the Hoffmans had a history of making reckless and untrue allegations against neighbors as a means of trying to exert control over the conduct and behavior of their neighbors as alleged in your Complaint.

**ANSWER:**

It was common knowledge throughout the neighborhood that the Hoffmans caused problems. Our neighbor, Mrs. French, told us that the Hoffmans were after her with the police department prior to our moving in. We were told by several neighbors that they had had problems with the Hoffmans.

9. Please state all facts upon which you base your contention that the Ansonia Police Department has a policy, practice and custom of not taking civilian complaints regarding the filing of false police reports in the context of neighborhood disputes as alleged in your Complaint.

**ANSWER:**

When I made complaints to the Ansonia Police Department about the false allegations being made against us, they did <u>nothing</u>. I was told by Sgt. Zalinsky that it would just start a snowball effect.

10. Please state all facts upon which you base your contention that Chief Hale

Exhibit I

endorsed and ratified the policy, practice and custom of not taking civilian complaints regarding the filing of false police reports in the context of neighborhood disputes as alleged in your Complaint.

**ANSWER:**

**All Chief Hale did was pacify me. When I asked him for help with regards to the neighbors complaints to DCF about abuse, I was told by Chief Hale that it had to happen a few more times before he could do anything. However, Chief Hale did tell me in our meeting that whenever the neighbors did anything I was to call the police department. On the next occasion following the meeting, I did. When the officers arrived they were upset that I had them there. When I told them I was instructed by Chief Hale and the detective to make the call, they stood there and interrogated me. The conversation went something like: You talked to the Chief? Yes. Who was the detective? I don't know. What did he look like? At this point I knew it was hopeless and I felt we had to get out of this house and town.**

11. Please state all facts upon which you base your contention that the actions of the defendants deprived you of your rights of the equal protection of the law as alleged in your Complaint.

**ANSWER:**

**They never helped us. They never did anything. They only harassed us and made us feel like we were the bad guys.**

12. Please state all facts upon which you base your contention that the acts and omissions of the defendants were in reckless disregard of your constitutional rights and inspired by malice as alleged in your Complaint.

**ANSWER:**

**They allowed our neighbors to dictate to us, over a four year period, how we were to live in our own home.**

13. Please list and identify each injury you claim to have sustained as a result of the incidents alleged in the Complaint.

**ANSWER:**

**I did not feel safe in my own home or town. I lost faith and trust in the police department. I did not want to go out. My children did not know what it was like to be children. If I allowed them to go out and play, I would have the police**

Exhibit I

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRY PAULEY, ET AL | : |
| VS. | :    NO. 3:01CV02224 (RNC) |
| TOWN OF ANSONIA, ET AL | : |

### OATH OF RESPONDENT

I, **SHERRY PAULEY**, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

The answers to the Interrogatories and the documents provided in response to the Defendants' Interrogatories and Requests for Production are true, accurate and complete to the best of my knowledge and belief.

_____
SHERRY PAULEY

Subscribed and sworn to before me this 26th day of March, 2004

_____
Notary Public

My Commission Expires Sept. 30, 2006

Exhibit I

10. A copy of any employment/retainer agreement between yourself and the law firm of Williams & Pattis which governs your legal representation in the present case.

**ANSWER:**

**Privileged document.**

THE PLAINTIFF
SHERRI PAULEY

BY: *[signature]*
JOHN R. WILLIAMS
NORMAN A. PATTIS
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
Tel. No. (203) 562-9931
Fax No. (203) 776-9494
Fed. Bar No. 13120

Her Attorney

### CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, first class mail, postage prepaid, on the above date, to the following counsel of record:

Attorney Beatrice S. Jordan
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

*[signature]*
JOHN R. WILLIAMS