Not Reported in A.2d  Page 1
1992 WL 220102 (Conn.Super.), 7 Conn. L. Rptr. 270
**(Cite as: 1992 WL 220102 (Conn.Super.))**

C

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Hartford-New Britain, at Hartford.

Elaine COOK, Administratrix
v.
CITY OF HARTFORD.

**No. CV 89-0362482.**

Aug. 31, 1992.

MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

AURIGEMMA, Judge.

***1** This is a wrongful death action brought by the administratrix of the Estate of Johnny Lee Cook against the defendants City of Hartford ("City"), the Hartford Police Department and police officers Daniel Zak and Richard Gutska. The first four counts of the complaint allege that the actions of the defendant police officers violated the constitutional rights of Johnny Lee Cook, that the negligence of the defendant Zak caused the death of Cook and that the City is liable to the plaintiff under § 7-465 of the Connecticut General Statutes for the acts and omissions of the individual defendants.

In the fifth count of the complaint, the plaintiff alleges negligence by the City in 1) failing to properly instruct, train and/or supervise subordinates to protect the constitutional rights of citizens and ensure the physical safety of citizens, 2) failing to take adequate precautions in hiring and retaining police officers, 3) failing to monitor the day-to-day activities and routine procedures of subordinates and 4) failing to establish adequate guidelines for the use of firearms, pursuit of suspects and use of handcuffs.

The City has moved for summary judgment on the fifth count on the grounds that 1) the City is immune from liability under the doctrine of governmental immunity and 2) the plaintiff is unable to present any evidence to prove the allegations of negligence contained in the fifth count.

The complaint alleges that Johnny Lee Cook was fatally shot by defendant Daniel Zak while Cook was in police custody. This occurred after Cook and defendant Gutska became engaged in a struggle during the course of which Cook attempted to remove Gutska's weapon from its holster. Officer Zak shot Cook in the chest after Cook failed to heed Zak's warning to cease his attempts to obtain officer Gutka's weapon.

The City argues that it is immune from liability on the fifth count under the doctrine of governmental immunity. A municipality was generally immune from liability for its tortious acts at common law. *Ryszkiewicz v. New Britain,* 193 Conn. 589, 593, 479 A.2d 793 (1984). "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature.... On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." *Gauvin v. New Haven,* 187 Conn. 180, 184, 445 A.2d 1 (1982).

A municipality may be liable for a discretionary act if the act fits into one of the narrow exceptions outlined in *Shore v. Stonington,* 187 Conn. 150, 444 A.2d 1379 (1982). In *Shore* the court considered whether the plaintiff, whose decedent was killed by a drunk driver who had been stopped, but not arrested by a police officer, had a cause of action in negligence against the town. The trial court granted the town's motion for summary judgment,

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit M

Case 3:01-cv-02224-CFD   Document 39-14   Filed 01/20/2005   Page 2 of 3

Not Reported in A.2d                                                                                                Page 2
1992 WL 220102 (Conn.Super.), 7 Conn. L. Rptr. 270
**(Cite as: 1992 WL 220102 (Conn.Super.))**

finding that the police officer owed no specific duty to the plaintiff's decedent. The Supreme Court affirmed.

***2** The court in *Shore* recognized the existence of public official's duty to act in situations where it would be apparent to the official that his failure to act would be likely to subject an identifiable person to imminent harm. However, it held that when the defendant police officer stopped the drunk driver, he could not have been aware that the drunk driver's conduct threatened an identifiable victim with imminent harm. The court stated, "In deciding the issue of when, if ever, an official's ublic duty precipitates into a special one to prevent harm to an individual, the law requires, to maintain the action, a showing of imminent harm to an identifiable victim." 187 Conn at 156.

In *Sestito v. Groton,* 178 Conn. 520, 423 A.2d 165 (1979) a police officer saw a group of men drinking in a parking lot. The officer witnessed an argument and a scuffle among the men as he drove by the parking lot. The officer took no steps to intervene in the scuffle and a short time later one of the men was shot and killed. The trial court directed a verdict for the defendants. The Connecticut Supreme Court found that under Connecticut General Statutes § 7-108 the defendant had liability to persons injured by "any mob, riotous assembly or assembly of persons engaged in disturbing the public peace," if they had not exercised reasonable care to prevent or suppress the riotous assembly. The court held that "whether a public official's constant general duty to the public has, in addition, subsumed a specific duty to the individual claiming injury," should have been left to the jury. 178 Conn. at 528.

The plaintiff argues that this case is analogous to *Sestito* and, therefore, the question of the City's duty to Johnny Lee Cook is one for the jury to decide.

The court's willingness to allow the issue of the municipality's liability to be decided by the court in *Shore* may appear irreconcilable with its holding that such a liability determination should have been made by the jury in *Sestito.* The court in *Gordon* addressed this apparent inconsistency as follows:
> It is important to distinguish between the existence of a duty and the violation of that duty.

The plaintiff argues that summary judgment is inappropriate in this area because there existed a genuine dispute as to the material facts relating to the extent of [a police officer's] duty to the plaintiff's decedent. The law does not recognize a 'duty in the air.' See Pollock, Torts (13th Ed.) 468; Winfield, 'Duty in Tortious Negligence,' 34 Colum.L.Rev. 41, 42 n. 8 (1934). To sustain a cause of action, the court must determine whether the defendant owed a duty to the plaintiff's decedent.... The existence of a duty is a question of law.... Only if such duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. 208 Conn. at 171.

The fifth count of the complaint alleges that the City failed to adequately train and supervise the defendant police officers. The act of training and supervising police officers is clearly a discretionary governmental function. Considerations of who to hire, how to train such people, and how to supervise police officers on the job are decisions requiring the use of judgment and discretion. A municipality cannot employ a standard list of actions which must be taken in utilizing its police department. In *Gordon v. Bridgeport Housing Authority,* 208 Conn. 116, 179, 544 A.2d 1185 (1988) the court stated that the great weight of authority was that the operation of a police department is a discretionary governmental function.

***3** Since the training and supervision of the defendant police officers by the City was discretionary, the City would be entitled to governmental immunity unless it should have been apparent to the City that its failure to supervise and train as alleged in the fifth count would have subjected an identifiable person to imminent harm.

It could not have been apparent to the City that a failure to adequately train and supervise officers would subject an identifiable person to imminent harm within the exception recognized in *Shore.* Therefore, as a matter of law, there is no exception to the governmental immunity doctrine which would permit the plaintiff to recover on the fifth count.

The City further argues that the plaintiff has produced no evidence to support any of the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:01-cv-02224-CFD     Document 39-14     Filed 01/20/2005     Page 3 of 3

Not Reported in A.2d
1992 WL 220102 (Conn.Super.), 7 Conn. L. Rptr. 270
**(Cite as: 1992 WL 220102 (Conn.Super.))**

Page 3

allegations of negligence stated in the fifth count.
In response to an interrogatory served on the plaintiff on November 12, 1990, asking her to "state the names of any individuals who have knowledge or information to support the allegations contained in paragraph 10 of the Fifth Count of the Complaint," the plaintiff stated "no specific individuals known at this time."

A party opposing summary judgment must show the existence of a genuine issue of material fact. *Connell v. Colwell,* 214 Conn. 242, 246, 571 A.2d 116 (1990). A party opposing summary judgment may not simply claim the existence of an issue of material fact. That party must produce some evidence showing a material fact in dispute. *Connell* at 246. The plaintiff here relies only on the Police Review Board report wherein there is some recommendation that the defendant police officers should be retrained in certain areas. This document would not be admissable to prove the City's negligence. Subsequent remedial measures are not admissable as evidence of prior negligence. *Shegda v. Hartford-Connecticut Trust Co.,* 131 Conn. 186, 188, 38 A.2d 668 (1944).

In opposing a motion for summary judgment, a party must present admissable evidence to establish a dispute as to a material issue of fact. *Acampora v. Asselin,* 179 Conn. 425, 428, 426 A.2d 797 (1980); *Farrell v. Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980). The plaintiff has produced no admissable evidence to oppose the summary judgment motion.
The plaintiff has disclosed that she has no witnesses who will testify as to the City's negligence as alleged in the fifth count. In opposing the motion for summary judgment, the plaintiff argues, in effect, that although she does not yet have any witness to testify to the negligence of the City alleged in the fifth count, the defendants must still go through a trial on that count. A motion for summary judgment is designed to eliminate delay and expense of trial when there is no real triable issue. *Kakadelis v. DeFabritis,* 191 Conn. 276, 281, 464 A.2d 57 (1983).

For the reasons set forth above, the summary judgment on the fifth count is granted.

1992 WL 220102 (Conn.Super.), 7 Conn. L. Rptr. 270

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT