Westlaw.

Not Reported in A.2d    Page 1
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1
**(Cite as: 1998 WL 309393 (Conn.Super.))**

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

**Maria CASTORINA,**
v.
Pamela STEWART.

**No. CV 950324487.**

June 3, 1998.

SKOLNICK.

MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT # 110

**\*1** The plaintiffs, Maria and Frank Castorina Jr. [FN1] filed a two-count complaint against the defendants, Pamela Stewart (Stewart) and the City of Bridgeport (city), on June 30, 1995. The plaintiffs allege that on October 23, 1990, Maria Castorina was assaulted and falsely arrested by Stewart, a police officer for the city. As a result of the assault and arrest, the plaintiffs were injured. The plaintiffs also seek relief from the city pursuant to General Statutes § 7-465. [FN2]

   FN1. Frank Castorina is a minor and brings this action by Maria Castorina, his mother and next friend.

   FN2. General Statutes § 7-465(a) provides in relevant party: "Any town, city or borough ... shall pay on behalf of any employee of such municipality ... all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property ... if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty."

On February 13, 1997, the defendants filed a motion for summary judgment, on the grounds that the plaintiffs' claims had already been litigated in a suit brought in the United States Federal Court for the District of Connecticut, and that the defendants are immune from suit. The plaintiffs filed an amended memorandum in opposition to the motion for summary judgment dated March 17, 1998. The matter was heard by the court on March 2, 1998.

"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party ... Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact ... a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue ... It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact ... are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] ..." (Internal quotation marks omitted.) *Maffucci v. Royal Park Limited Partnership,* 243 Conn. 552, 707 A.2d 15, 554, A.2d (1998).

The defendants argue that the plaintiffs are precluded from bringing this suit under the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1  
**(Cite as: 1998 WL 309393 (Conn.Super.))**

Page 2

doctrines of res judicata and collateral estoppel. The defendants argue that the federal court allowed the plaintiffs to present testimony and evidence relating to their state law claims in the context of a federal jury trial on the plaintiffs' 42 U.S.C. § 1983 clams. [FN3] The defendants also argue that the jury returned a unanimous verdict for the defendants on the claims of false arrest, excessive force and emotional distress. The defendants argue that these findings should control in this case and preclude another trial on the same issues. The plaintiffs argue that when the judgment after trial was rendered for the defendants in federal court, a judgment was not rendered on the merits of the plaintiffs' state law claims. The plaintiffs also argue that the federal court never invoked its pendent jurisdiction over the state law claims.

> FN3. Title 42 of the United States Code, § 1983 (1994) provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A. Res Judicata

**\*2** "Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim. *Mazziotti v. Allstate Ins. Co.,* 240 Conn. 799, 812, 695 A.2d 1010 (1997). "[C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made ... The doctrine of res judicata [applies] ... as to the parties and their privities in all other actions in the same *or* any other judicial tribunal of concurrent jurisdiction ... and promotes judicial economy by preventing relitigation of issues or claims previously resolved.... [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity* to litigate the matter in the earlier proceeding ..." (Citation omitted; internal quotation marks omitted.) *Joe's Pizza, Inc. v. Aetna Life & Casualty Co.,* 236 Conn. 863, 872, 675 A.2d 441 (1996).

The Federal District Court, Daly, J., entered an express order upon the plaintiffs' motion for reconsideration on June 13, 1994, that it would not exercise its pendent jurisdiction over the plaintiffs' state law claims. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit C). [FN4] Where it appears that a federal court would not have exercised its pendent jurisdiction, granting summary judgment on the grounds of res judicata is inappropriate. *Connecticut National Bank v. Rytman,* 241 Conn. 24, 52, 694 A.2d 1246 (1997). The decision not to exercise pendent jurisdiction deprived the plaintiffs of an adequate opportunity to litigate all of their claims in the federal forum. Where the plaintiffs did not have an adequate opportunity to litigate their claims, res judicata should not preclude them from pursuing a resolution of their claims in state court. *Id*.; *Fiaschetti v. Nash Engineering Co.,* 47 Conn.App. 443, 450, 706 A.2d 476, A.2d cert. denied, 244 Conn. 906, A.2d (1998). Accordingly, the defendants' motion for summary judgment is denied on this ground.

> FN4. The federal court had severed the plaintiffs' state law claims from the trial of their federal claims by order dated and filed October 14, 1992. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit A).

C. Collateral Estoppel

"In contrast [to res judicata] collateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim ... Furthermore, [t]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Citations omitted; internal quotation marks omitted.) *Mazziotti v. Allstate Ins. Co., supra,* 240 Conn. 812. "For an issue to be subject to

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:01-cv-02224-CFD     Document 39-18     Filed 01/20/2005     Page 3 of 7

Not Reported in A.2d
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1
**(Cite as: 1998 WL 309393 (Conn.Super.))**

Page 3

collateral estoppel, it must have been *fully and fairly litigated in the first action*. It also must have been *actually decided* and the decision must have been *necessary* to the judgment ... An issue is '*actually litigated*' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined ... An issue is *necessarily determined* if, in the absence of a determination of the issue, the judgment could not have been validly rendered ... If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action." (Citations omitted; internal quotation marks omitted.) *Carol Management Corp. v. Board of Tax Review,* 228 Conn. 23, 32, 633 A.2d 1368 (1993). Although a "state court action involves claims in negligence and assault and battery, while the federal court action ultimately involved only a claim for violations of the plaintiff's constitutional rights under [42 U.S.C.] § 1983, [the elements of collateral estoppel are satisfied where] both causes of action [arise] out of the same alleged wrongs, allegedly committed by the same defendants, and [involve] the same injuries." *Virgo v. Lyons,* 209 Conn. 497, 502, 551 A.2d 1243 (1988).

**\*3** The court believes that the defendants, the parties moving for summary judgment, have failed to produce any evidence to support their claim that the federal district court actually heard evidence on the claims pending in the present suit as part of the § 1983 case, and that these claims were submitted to the jury for determination. Nor has any evidence been submitted in support of the motion for summary judgment indicating what findings, if any, the federal jury made which would be applicable to the pending state claims. [FN5] Accordingly, the defendants' motion for summary judgment on the grounds of collateral estoppel is denied, as a material issue of fact remains in dispute concerning what issues, if any, were litigated and determined in the prior federal case.

>  FN5. For example, in their memorandum in support of the motion for summary judgment, the defendants argue that the jury was required to make a finding as to whether Stewart had probable cause to arrest Maria Castorina, but no jury instruction, verdict form or interrogatories have been filed to support this argument. The same is true for the defendants' argument that Frank Castorina Jr.'s claim of emotional harm was rejected by the federal jury. The only evidence concerning the jury's verdict was supplied by the plaintiffs and merely indicates that after a trial by jury, judgment is entered for the defendant. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit B).

D. Governmental Immunity

"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct ... The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee ... has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, [FN6] as opposed to a discretionary act ... [T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court ... [unless] there are unresolved factual issues material to the applicability of the defense ... [where] resolution of those factual issues is properly left to the jury." *Purzycki v. Town of Fairfield,* 244 Conn. 101,107-08, A.2d (1988). "The immunity from liability for the performance of discretionary acts by a municipal employees is subject to three exceptions or circumstances under which liability may attach even through the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm ... second, where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws ... and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) *Evon v. Andrews, supra,* 211 Conn. 505.

>  FN6. It The word 'ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit Q

Case 3:01-cv-02224-CFD    Document 39-18    Filed 01/20/2005    Page 4 of 7

Not Reported in A.2d                                                                                          Page 4
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1
**(Cite as: 1998 WL 309393 (Conn.Super.))**

quotation marks omitted.) *Evon v. Andrews,* 211 Conn. 510, 505, 559 A.2d 1131 (1989).

The defendants argue that Maria Castorina cannot succeed on her claim of false arrest against Stewart, because in order to determine if an arrest was proper, the court must determine if probable caused existed for Stewart to make the arrest. The defendants argue that an officer's determination concerning whether probable cause existed involves the exercise of discretion. The defendants also argue that the identifiable person/imminent harm exception to the governmental immunity doctrine does not apply, because there is no duty on the part of a police officer not to arrest a person the officer believes has committed a crime. The defendants argue that the exception has been interpreted as involving the need to protect an identifiable victim from some foreseeable harm by a third party, and therefore does not apply here, where Maria Castorina placed herself in a position to be arrested. The defendants further argue that Maria Castorina's claims regarding negligent assault and battery also involve discretionary acts on the part of Stewart, because officers, exercising their discretion, can utilize the force necessary to arrest or defend themselves from harm. Finally, the defendants argue that Frank Castorina Jr.'s claims involving emotional distress due to Stewart's actions cannot survive, because there is no showing that Stewart saw or was aware of his presence during the arrest. The defendants argue, therefore, that there was no identifiable person.

**\*4** The plaintiffs counter that a claim of governmental immunity is not applicable to an action brought pursuant to General Statutes § 7-465, because § 7-465 requires that the city, regardless of the doctrine of governmental immunity, pay on behalf of any employee "all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for physical damages to person or property ... if the employee ... was acting in the performance of his duties and within the scope of his employment ..." The plaintiffs argue, therefore, that it is not relevant whether Stewart was performing ministerial or discretionary acts. Rather, the determinative factor is whether her acts fell within the scope of her duties as a police officer.

"A plaintiff bringing suit under § 7-465 must first allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of *individual negligence* ... Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; internal quotation marks omitted.) *Wu, Administrator v. Fairfield,* 204 Conn. 435, 438, 528 A.2d 364 (1987). "Whatever may be the full scope and effect of the statute, in no event may the municipality be held liable under it unless the municipal employee himself 'becomes obligated to pay [sums] by reason of the liability imposed upon ... [him] by law for physical damages to person or property.... While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance. Once a plaintiff has successfully pursued a cause of action and obtained judgment against the defendant municipal employee, the latter can (1) pay the judgment and request reimbursement from the municipality or (2) request the municipality to pay the judgment in his behalf." *Kostyal v. Cass,* 163 Conn. 92, 97-98, 302 A.2d 121 (1972). Accord *Elinsky v. Marlene,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 557659 (October 31, 1997) (Hale, S.J.R.) (once municipal employee is first found liable, the municipality has an obligation to indemnify; it is in relation to this obligation that a municipality is prevented from claiming governmental immunity); *Labieniec v. City Of New Britain,* Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 476150 (June 6, 1997, Stengel, J.) (19 CONN.L.RPTR. 620) (prime purpose of the act is to abolish the defense of governmental immunity in actions based on the negligence of municipal employees and to make a municipality liable for the negligent acts or omissions of its employees).

**\*5** The plaintiffs seek to rely on *Lapierre v. Bristol,*

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:01-cv-02224-CFD    Document 39-18    Filed 01/20/2005    Page 5 of 7

Not Reported in A.2d    Page 5
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1
**(Cite as: 1998 WL 309393 (Conn.Super.))**

31 Conn.Supp. 442, 333 A.2d 710 (1974). There, the court, in determining a motion to strike, noted, the Supreme Court had not issued a "clear ruling on the question of whether [§ 7-465] enlarged the liability of public officials or municipalities beyond what formerly existed, that is, whether discretionary as well as ministerial acts gave rise to liability." *Id*., 445, 333 A.2d 710. The court studied the legislative history of § 7-465, particularly the report of the legislative council, and became convinced "that it was the intention of the legislature to subject municipal employees, and hence municipalities by way of indemnification, to liability for discretionary as well as ministerial acts so long as they were performed within the scope of employment." *Id.* [FN7] However, this view of the scope of § 7-465 does not appear to have been adopted. [FN8] In a long line of cases, the courts of this state have continued to rely on the common law distinction between discretionary and ministerial acts to determine whether the individual municipal employee is immune from suit. See, e.g., *Purzycki v. Fairfield, supra,* 244 Conn. 107; *Conway v. Town Of Wilton,* 238 Conn. 653, 672, 680 A.2d 242 (1996); *Mulligan v. Rioux,* 229 Conn. 716, 727, 643 A.2d 1226 (1994); *Scrapchansky v. Plainfield,* 226 Conn. 446, 470, 627 A.2d 1329 (1993); *Sanzone v. Board Of Police Commissioners,* 219 Conn. 179, 194, 592 A.2d 912 (1991); *Evon v. Andrews, supra,* 211 Conn. 504 (1989); *Gordon v. Bridgeport Housing Authority,* 208 Conn. 160, 164, 544 A.2d 1185 (1988); *Wu, Administrator v. Town of Fairfield, supra,* 204 Conn. 436 (1987); *Shore v. Stonington,* 187 Conn. 147, 153, 444 A.2d 1379 (1982); *Fraser v. Hanninger, supra,* 173 Conn. 60 (1977); *Tango v. New Haven,* 173 Conn. 203, 205-06, 377 A.2d 284 (1977); *Blake v. Mason,* 82 Conn. 324, 326, 73 A. 782 (1909).

> FN7. See also this court's prior decision in *Settani v. Town of Orange,* Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044074, 12 CONN.L.RPTR. 329 (August 19, 1994) (Skolnick, J.) (it is evident that the legislature has expressed a clear intention to remove governmental immunity as a defense to § 7-465, regardless of whether the underlying acts are characterized as discretionary or ministerial). This case is distinguishable, as it involved only a motion to strike a special defense of governmental immunity. It did not require the court to address the present issue, which in essence involves how to determine whether the individual municipal defendant is acting within the scope of his or her employment under the statute. As submitted above, the established criteria by which to make this determination has been to categorize the underlying acts as either ministerial or discretionary.

> FN8. *Lapierre* is cited in only one Supreme Court case, *Fraser v, Henninger,* 173 Conn. 52, 60 n. 3, 376 A.2d 406 (1977), where the court relied on the ministerial/discretionary distinction to determine the applicability of § 7-465. The court explicitly declined to "consider whether § 7-465 has altered the general rule and expanded the liability of municipal employees to situations in which they were performing discretionary duties." *Id*.

As noted above, only upon a finding of liability as to the employee may the municipality itself become liable to indemnify the employee, and under such circumstances, the municipality may not invoke the doctrine of governmental immunity. This interpretation is supported by *Yosefzadeh v. City Of Norwalk,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 262202 (October 19, 1990) (Jones, J.), where the court interpreted the legislative history of the statute. The *Yosefzadeh* court concluded that "Connecticut General Statutes § 7-465(a) explicitly states that '[g]overnmental immunity shall not be a defense to any action brought under this section.' This language, used in the council report and debates, refers only to an employee's ability to be indemnified by his municipal employer for a negligent act committed within the scope of his employment." *Id*. See also *Elinsky v. Marlene, supra,* Superior Court, Docket No. 557659. Accordingly, the court must conduct the standard inquiry concerning whether Stewart's actions were discretionary or ministerial in order to determine the applicability of the doctrine of governmental immunity.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Case 3:01-cv-02224-CFD     Document 39-18     Filed 01/20/2005     Page 6 of 7

Not Reported in A.2d                                                                                                               Page 6
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1
**(Cite as: 1998 WL 309393 (Conn.Super.))**

**\*6** The defendants have argued that Stewart's actions were discretionary, and she is therefore entitled to governmental immunity. The cases cited by the defendants stand for the general principle that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. *Gordon v. Bridgeport Housing Authority, supra,* 208 Conn. 180. Although the defendants have failed to supply the court with authority for the proposition that Stewart's actions in arresting Maria Castorina were discretionary as a matter of law, at least two judges of the Superior Court, relying on the above quoted language from *Gordon,* have held that the process by which a police officer decides to make an arrest involves discretionary actions. See *Gonzalez v. City Of Bridgeport,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464, 9 CONN.L.RPTR. 202 (June 4, 1993) (Fuller, J.) (the investigation of crimes and decisions to make arrests for them is clearly a discretionary rather than a ministerial function), cited in *Elinsky v. Marlene, supra,* Superior Court, Docket No. 557659. Accordingly, this court may find that Stewart's actions in arresting the defendant were discretionary as a matter of law. This does not, however, resolve the issue of governmental immunity.

The plaintiffs have argued that the first exception applies because Maria Castorina was a foreseeable person in imminent harm. The Supreme Court has "construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." *Purzycki v. Fairfield, supra,* 244 Conn. 108. "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminence of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim ... Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts ... whether the relationship was of a voluntary nature ... the seriousness of the injury threatened ... the duration of the threat of injury ... and whether the persons at risk had the opportunity to protect themselves from harm." (Citations omitted.) *Burns v. Board Of Education,* 228 Conn. 640, 647-48, 638 A.2d 1 (1994). "[T]o maintain an action that a police department's general duty precipitates into a special one to prevent harm to an individual, the law requires ... a showing of harm to an identifiable victim ... Such a special duty arises only in situations where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." (Internal quotation marks omitted.) *Romano v. City Of Derby,* 42 Conn.App. 624, 627, 681 A.2d 387 (1996). Although the cases involving police officers and this exception have involved failures to act causing harm to third parties, the court feels that there is no reason that the person subject to imminent harm cannot be a person whom the officer is dealing with directly.

**\*7** Accordingly, the court concludes that whether Maria Castorina was a foreseeable victim in imminent harm is a question of fact to be decided by the trier of fact. [FN9] This question is likely to involve consideration of such issues as the probability of whether this confrontation between Maria Castorina, a mother who had briefly parked her automobile in front of a bank with her young son still inside, could foreseeably escalate into a situation where she is forcibly detained and arrested by Stewart. As this is a factual question, and none of the parties have submitted affidavits or other evidence addressing this issue, a material issue of fact is in dispute. [FN10]

> FN9. Although the defendants contend that this is the only pertinent exception, it should be noted that there may be a question of fact as to the third exception in light of the plaintiffs' allegations of intentional injury.

> FN10. In light of the fact that material issues of fact are in dispute regarding Maria Castorina's claims, there is no need for the court to address Frank Castorina Jr.'s claims of bystander emotional distress.

Therefore the plaintiffs are not precluded as a matter of law from bringing the present suit in Superior Court under the doctrine of res judicata. Furthermore, since material issues of facts remain in

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1
**(Cite as: 1998 WL 309393 (Conn.Super.))**

Page 7

dispute as to what was actually litigated in the prior suit, the court cannot render summary judgment in favor of the defendants under the doctrine of collateral estoppel. In addition, although a court may conclude as a matter of law that Stewart was performing a discretionary act when Maria Castorina was arrested, a question of fact remains concerning whether the imminent harm exception to the governmental immunity doctrine is applicable. Accordingly, the defendants' motion for summary judgment is denied.

1998 WL 309393 (Conn.Super.), 22 Conn. L. Rptr. 1

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Exhibit Q