UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (RNC) |
| v. | : | |
| TOWN OF ANSONIA, ET AL | : | JANUARY 18, 2005 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendants, Town of Ansonia, Sergeant Zalinsky and Kevin Hale, respectfully submit the following statement of undisputed material facts in support of their Motion for Summary Judgment:

1. In 1997, David and Sherri Pauley purchased a townhouse located at 10 Adanti Avenue in Ansonia, Connecticut. (See Complaint dated November 26, 2001, at ¶9.)

2. The townhouse purchased by the plaintiffs was comprised of a two-unit duplex, the adjoining property of which was occupied by James and Sharon Hoffman and known as 12 Adanti Avenue. (See Complaint, at ¶9.)

3. The plaintiffs began having difficulties with their neighbors, the Hoffmans, immediately after taking possession of their property. (See Complaint, at ¶10.)

4.     Specifically, the Hoffmans began pounding on the adjoining wall of the unit and reporting complaints to the Ansonia Police Department regarding the plaintiffs.  (See Complaint, at ¶¶10, 11.)

5.     The majority of the complaints made by the Hoffmans regarding the plaintiffs were noise complaints.  (See Incident Details Log re Complaints by James and Sharon Hoffman, attached as **Exhibit A**; Call Summary Reports re Complaints by James and Sharon Hoffman, attached as **Exhibit B**.)

6.     Between 1997 and 2001, there were thirty-one (31) complaints made between James and Sharon Hoffman and David and Sherri Pauley.  Eighteen (18) of said complaints were made by James and Sharon Hoffman, and thirteen (13) of said complaints were made by David and Sherri Pauley.  (See Affidavit of Zalinsky, attached as **Exhibit J**.)

7.     Sherri Pauley does not have any information or documentation confirming that the Hoffmans were filing and/or making false complaints regarding the plaintiffs as all of the complaints were based upon the plaintiffs' word versus the word of the Hoffmans.  (See Deposition Transcript of Sherri Pauley dated September 29, 2004, at pp.35, 40, 57, attached as **Exhibit C**.)

8.     David Pauley does not have any information or documentation confirming that the Hoffmans were filing and/or making false complaints regarding the plaintiffs as all of the complaints were based upon the plaintiffs' word versus the word

of the Hoffmans. (See Deposition Transcript of David Pauley dated October 11, 2004, at p.70, attached as **Exhibit D**.)

9. David and Sherri Pauley could not, and did not, produce any information or evidence tending to show that the complaints made by the Hoffmans were false and/or falsely made in an effort to harass or exert control over the plaintiffs as alleged in the complaint. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

10. No information or evidence existed which demonstrated that the complaints made by the Hoffmans were, in fact, false. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

11. No probable cause existed to arrest the Hoffmans on the charges of allegedly filing false complaints against the plaintiffs. (See Affidavit of Zalinsky, attached as **Exhibit J**.)

12. The plaintiffs themselves made several complaints against the Hoffmans regarding noise from their unit and claims that the Hoffmans were pounding on the adjoining wall. (See Incident Details Log re Complaints by David and Sherri Pauley, attached as **Exhibit E**; Call Summary Reports re Complaints by David and Sherri Pauley, attached as **Exhibit F**; Sherri Pauley Deposition, **Exhibit C**, at p.46; David Pauley Deposition, **Exhibit D**, at p.34.)

13. The Ansonia Police Department responded to each and every complaint made by the plaintiffs, and would speak with both the plaintiffs and the Hoffmans

regarding the complaints. (See Sherri Pauley Deposition, **Exhibit C**, at pp.46, 53-54; David Pauley Deposition, **Exhibit D**, at p.34; Affidavit of Zalinsky, attached as **Exhibit J**.)

    14.    On a few of those occasions on which the plaintiff, Sherri Pauley, called the Ansonia Police Department, she requested that they not respond, and further that she merely wanted the incident on file. (See Sherri Pauley Deposition, **Exhibit C**, at pp.46-47.)

    15.    On July 13, 2000, James and Sharon Hoffman were arrested following one of their own complaints against the plaintiffs, and charged with Breach of Peace in violation of Conn. Gen. Stat. §53a-181 and Threatening in violation of Conn. Gen. Stat. §53a-62. (See Case Incident Report dated July 13, 2000, attached as **Exhibit G**.)

    16.    The plaintiffs had problems with the Hoffmans beginning immediately after they moved into the townhouse, and continuing until they moved out. (See David Pauley Deposition, **Exhibit D**, at pp.38-39.)

    17.    The plaintiffs have no information or documentation to support their claim that the defendants had knowledge that the Hoffmans had a history of filing false reports. (See Sherri Pauley Deposition, **Exhibit C**, at p.64.)

    18.    The plaintiffs' claim that the defendants had a policy, practice or custom of not taking civilian complaints regarding the filing of false complaints in a neighbor

dispute is based solely upon their belief that that the defendants did nothing to help them. (See Discovery Responses of David Pauley dated May 5, 2004, attached as **Exhibit H**, at Interrogatory 9; Discovery Responses of Sherri Pauley dated May 5, 2004, attached as **Exhibit I**, at Interrogatory 9.)

19. The plaintiffs' claim that the defendants violated their right to equal protection of the laws is also based on their belief that the defendants did nothing to help them. (See Sherri Pauley Deposition, **Exhibit C**, at p.76; Discovery Responses of Sherri Pauley, **Exhibit I**, at Interrogatory 11; Discovery Responses of David Pauley, **Exhibit H**, at Interrogatory 11.)

20. The plaintiffs are unable to identify any individuals who were treated differently from them by the Ansonia Police Department. (See Sherri Pauley Deposition, **Exhibit C**, at pp.76-77; David Pauley Deposition, **Exhibit D**, at pp.78-80.)

21. The Town of Ansonia and the Ansonia Police Department has no official or unofficial policy, practice or custom to fail or refuse to investigate complaints made by David and Sherri Pauley with regard to their complaints of the alleged filing of false complaints by their neighbors, James and Sharon Hoffman. (See Affidavit of Kevin Hale, attached as **Exhibit K**.)

22. The Town of Ansonia and the Ansonia Police Department has no official or unofficial policy, practice or custom to fail or refuse to effectuate an arrest based upon complaints made by David and Sherri Pauley with regard to their complaints of

the alleged filing of false complaints by their neighbors, James and Sharon Hoffman. (See Affidavit of Kevin Hale, attached as **Exhibit K**.)

23.     The Town of Ansonia and Ansonia Police Department has no official or unofficial policy, practice or custom to fail or refuse to investigate complaints with regard to incidents involving James and Sharon Hoffman. (See Affidavit of Kevin Hale, attached as **Exhibit K**.)

24.     The Town of Ansonia and Ansonia Police Department has no official or unofficial policy, practice or custom to refuse to take civilian complaints regarding the filing of false police reports in the context of neighborhood disputes. (See Affidavit of Kevin Hale, attached as **Exhibit K**.)

25.     It is the official policy of the Ansonia Police Department to respond to and investigate complaints at and within the judgment and discretion of the investigating officers and within the judgment and discretion afforded to them by law. (See Affidavit of Kevin Hale, attached as **Exhibit K**.)

26.     It is the official policy of the Ansonia Police Department to effectuate an arrest within the judgment and discretion of the investigating officers, and within the

judgment and discretion afforded to them by law, where such an arrest is warranted under the law.  (See Affidavit of Kevin Hale, attached as **Exhibit K**.)

        DEFENDANTS,
        TOWN OF ANSONIA, SERGEANT
        ZALINSKY AND KEVIN HALE


By_____/s/_ Beatrice S. Jordan_____
  Beatrice S. Jordan
  ct22001
  Howd & Ludorf
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (Fax)
  bjordan@hl-law.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 18th day of January, 2005.

Kit Engstrom, Esquire
Kim Coleman Waisonovitz, Esquire
Norman A. Pattis, Esquire
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

                                                                  /s/  Beatrice S. Jordan
                                                            Beatrice S. Jordan