UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SHERRI PAULEY, ET AL          :
    Plaintiff                     :
                                :  Case No. 3:01CV02224 (CFD)
VS.                           :
                                :
TOWN OF ANSONIA, ET AL        :  MARCH 8, 2005
    Defendant                     :

**PLAINTIFF'S RULE 56 (a)2 STATEMENT**
**OF MATERIAL FACTS IN DISPUTE**

A.     Plaintiff's Response to Defendants' Rule 56(a)(1) Statement

1.     Admit.

2.     Admit.

3.     Admit.

4.     Admit.

5.     Admit.

6.     Deny.  James and Sharon Hoffman made 19 complaints while the Pauleys' made 11 complaints (Pl. Exb. 3).

7.     Deny.  Sherri Pauley testified throughout her deposition that the Hoffmans were making false allegations concerning the Pauleys, including results of police investigations.  (Pl. Exb. 1; Pl. Exb. 3)

8.     Deny.  David Pauley testified throughout his deposition that the Hoffmans

were making false allegations concerning the Pauleys, including results of police investigations.  (Pl. Exb. 2; Pl. Exb. 3)

9.     Deny.  See #7 & #8.

10.    Deny.  Many of the false allegations are substantiated by the police officers own reports.  (Pl. Exb. 3)

11.    Deny.  See preceding 5 answers.  (Exb. 3.)

12.    Admit.

13.    Admit.

14.    Admit.

15.    Admit and also arrested at this time were Sherri Pauley and her fifteen year old son.

16.    Admit.

17.    Deny.  Plaintiffs had shared this knowledge with the defendants (Complaint ¶12, 13; Exb. 1, Exb. 2)

18.    Deny.  The plaintiffs' request to file a written complaint against the Hoffmans was denied by the town of Ansonia and the police department on four occasions (Pl. Exb 1 at 27, 32, 42, 43; Pl. Exb. 5;  Pl. Exb. 6)

19.    Admit.

20.    Admit.

21.    Admit as to this is a statement made by Kevin Hale in his affidavit.

22.    Admit as to this is a statement made by Kevin Hale in his affidavit.

23.    Admit as to this is a statement made by Kevin Hale in his affidavit.

24.    Admit as to this is a statement made by Kevin Hale in his affidavit.

25.    Admit as to this is a statement made by Kevin Hale in his affidavit.

26.    Admit as to this is a statement made by Kevin Hale in his affidavit.

B.    Plaintiff's Rule 56(a)(2) Statement of Material Facts in Dispute

1.    Upon information and belief, the Ansonia Police Department has a policy, practice and custom of not taking civilian complaints in the context of neighborhood disputes.  (Complaint ¶15)

2.    This policy, practice and custom was endorsed and ratified by defendant Chief Hale.  (Complaint ¶15)

3.    The plaintiffs requested to file written civil complaints to the Ansonia Police Department and were denied their write on four occasions.  (Pl. Exb 1 at 27, 32, 42, 43; Pl. Exb. 5;  Pl. Exb. 6)

THE PLAINTIFF


_____
Kim Coleman Waisonovitz, Esq.
Federal Bar No. ct25759
Law Office of Norman Pattis,LLC
P.O. Box 280
Bethany, CT 06524
Tel: 203.393.3017
Fax: 203.393.9745
Plaintiff's Attorney




CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class

mail, postage prepaid, on March 8, 2005, to the following parties and counsel of

record:

Beatrice Jordan, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114


_____
Kim Coleman Waisonovitz

-4-