UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (CFD) |
| v. | : | |
| TOWN OF ANSONIA, ET AL | : | APRIL 7, 2005 |

**REPLY TO PLAINTIFF'S OPPOSITION TO SUMAMRY JUDGMENT**

1. <u>New Claims May Not Be Raised in an Opposition to Summary Judgment.</u>

The plaintiffs raise for the first time in their Objection, p. 8., that the defendants have violated their First Amendment right to "petition the government for a redress of grievances." At no time up to this point have the plaintiffs advised the defendants that they were claiming a First Amendment violation. The First Amendment is not cited in their Complaint. The only claim in the Complaint is for equal protection. Defendants have relied on this allegation and tailored written discovery and depositions of the plaintiffs to flesh out the bases for an equal protection claim, i.e. that the plaintiffs were claiming there were treated differently than similarly situated persons. Plaintiffs have not moved to amend their Complaint pursuant to Fed. R. Civ. P. 15. It is inappropriate to raise new claims for the first time in an opposition to summary judgment. <u>Mauro v. Southern New England Telecommunications</u>, 46 F. Supp. 2d 181, 186 (D. Conn. 1999). Thus, the Court should not entertain this claim. <u>Id.</u>

In addition, plaintiffs have not responded to defendants' summary judgment motion on the equal protection claim as pled.  Therefore, the Court may grant summary judgment in the absence of objection.

2. Plaintiffs' claim fails as a matter of law because there is no right to an investigation or prosecution of another.

If the Court chooses to consider plaintiffs' First Amendment claim, it should fail as a matter of law.  Defendants dispute that the plaintiffs were in fact denied the ability to make a complaint.  The plaintiffs did, in fact, complain to Sergeant Zalinsky.  See, Plaintiffs' Exhibit 1, Deposition of Sherri Pauley, p. 24, 25. As plaintiffs admitted in their deposition testimony, no one told them they could not file a complaint. Id., p. 27. Plaintiff only recalls Sergeant Zalinsky counseling them that making complaints against neighbors creates a "snowball effect", because the neighbors may retaliate against them by also filing complaints. Id., p. 27.  On the final occasion, plaintiffs felt the police department was not investigating thoroughly. Id.,p. 28 ("…And not getting any satisfaction with the way that the police department was handling it.).  Plaintiffs essentially claim that the manner in which a couple of complaints were received was insufficient.  They wanted a written complaint or some type of "report." Id., p. 33, but were not specifically denied that request.  Id., p. 34. . Plaintiffs also ignore the substantial resources that were devoted to their multiple complaints.  See, e.g.,

**Exhibits E and F** attached to Defendants' Memorandum of Law, including call logs and police responses.

The instant case is most analogous to the Seventh Circuit case of <u>Hilton v. City of Wheeling</u>, 209 F.3d. 1005 (7th Cir. 2000), which also concerned a dispute among neighbors . Plaintiff there claimed that the police were not fair in arbitrating his feud with his neighbors. <u>Id.</u> at 1006. He complained to the police about his neighbors many times. <u>Id.</u> The basis of his case against the City police was a violation of his right to petition the government for redress of grievances and equal protection. <u>Id.</u> The Seventh Circuit explained:

> The right to petition the government for redress of grievances is found in the First Amendment to the Constitution but has been held to be enforceable against the states by virtue of the due process clause of the Fourteenth Amendment. *Edwards v. South Carolina,* 372 U.S. 229, 235, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); *Grossbaum v. Indianapolis-Marion County Building Authority,* 100 F.3d 1287, 1294 n. 5 (7th Cir.1996). The right *1007 (on which see *McDonald v. Smith,* 472 U.S. 479, 482-85, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985)) has never been understood to be a right to police assistance, or for that matter to any governmental assistance, services, or largesse. As the Supreme Court held in *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 195-97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), and we have repeated many times, the Constitution, insofar as it creates or protects liberties, is (with immaterial exceptions) a charter of *negative* liberties. *River Park, Inc. v. City of Highland Park,* 23 F.3d 164, 166 (7th Cir.1994); *K.H. Through Murphy v. Morgan,* 914 F.2d 846, 848-49 (7th Cir.1990); *Jackson v. City of Joliet,* 715 F.2d 1200, 1203-04 (7th Cir.1983); *Bowers v. DeVito,* 686 F.2d 616, 618 (7th Cir.1982); *Pinder v. Johnson,* 54 F.3d 1169, 1174 (4th Cir.1995) (en banc); *Alston v. Redman,* 34 F.3d 1237, 1247 (3d Cir.1994); David P. Currie, "Positive and Negative Constitutional Rights," 53 *U. Chi. L. Rev.* 864 (1986). It creates areas in

>which the government has to let people alone; it does not entitle them to demand services, such as police protection. The reasons are historical, *Jackson v. City of Joliet, supra,* 715 F.2d at 1203, but also practical: it is not a feasible undertaking for the federal courts to direct the allocation of public resources to particular public services. So while the government may not interfere with the right to petition, *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972); *Harrell v. Cook,* 169 F.3d 428, 432 (7th Cir.1999); *Vasquez v. Hernandez,* 60 F.3d 325, 328 (7th Cir.1995), it need not grant the petition, no matter how meritorious it is. Cf. *Linda R.S. v. Richard D.,* 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Nor, by the way, does the right to petition for redress of grievances imply a duty of the government to make every government employee a petition receiver. Although we cannot find a case on the point (there are few cases construing the right-to-petition clause), we think it plain that the right is merely a right to petition the appropriate government entity, in this case the local prosecutor rather than the police on the beat. We point this out to remind Mr. Hilton that he may have other avenues of redress.

Id. at 1006 –1007.

Similarly, in Burrell v. Anderson, 353 F. Sup.2d 55, 81 (D. Me. 2005), the court found no violation of the petition clause where a complainant failed to use other means to submit a complaint at that time, but did institute a lawsuit.

Neither do the plaintiffs here have any constitutional right to demand prosecution of another.  The United States Supreme Court has held that an alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted. *See* Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim of a crime has constitutional right to have defendant prosecuted); U.S. v. Perry,

4

360 F.3d 519 (6th Cir. 2004); Osuch v. Gregory, 303 F.Supp.2d 189 (D. Conn. 2004); Lennon v. Town of Old Saybrook, 2005 WL 677285 Docket No. A.3:03-CV-2029 (JCH) (D.Conn.,2005)(March 21, 2005)(granting summary judgment relying on Linda R.S.).

Writing for the majority in Linda R. S., Justice Marshall succinctly captured the law in this regard:

> The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. *See* Younger v. Harris, 401 U.S. 37, 42 (1971); Bailey v. Patterson, 369 U.S. 31, 33 (1962); Poe v. Ullman, 367 U.S. 497, 501 (1961). Although these cases arose in a somewhat different context, they demonstrate that, in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973).  Similarly, plaintiffs are not entitled to police protective services.  DeShaney v. County of Winnebago. 489 U.S. 189, 196, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

Plaintiffs cite boilerplate language for the elements of a Monell claim.  See Objection, p. 11-13.  However, they have also not presented any evidence of a municipal policy.  Id.  They baldly state there was "ratification" by the Chief, with no evidence knew the alleged denial of making a complaint. Id, p. 13.  Their Rule 56(a)(2) Statement simply relies on the allegation of the Complaint to state a claim.  See, p. 3, ¶1-2.  This is not a motion to dismiss where pleading alone is sufficient.  Therefore, the City is entitled to summary judgment.

Boiled down, plaintiffs' complaints to the police are that their neighbors were defaming them by making false complaints about them. Plaintiffs should have sought redress against their neighbors, because there is no entitlement to police services or state prosecution against their neighbors. For these additional reasons, defendants are entitled to summary judgment.

<pre>
                              DEFENDANTS,
                              TOWN OF ANSONIA, SERGEANT
                              ZALINSKY AND KEVIN HALE


                              By   /S/ Melinda A. Powell
                                 Melinda A. Powell
                                 ct17049
                                 Howd & Ludorf
                                 65 Wethersfield Avenue
                                 Hartford, CT  06114
                                 (860) 249-1361
                                 (860) 249-7665 (Fax)
                                 mpowell@hl-law.com
</pre>

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 7th day of April, 2005.

Kim Coleman Waisonovitz, Esquire  
Law Offices of Norman A. Pattis  
649 Amity Road  
P.O. Box 280  
Bethany, CT  06524

                                                              /S/ Melinda A. Powell  
                                                       Melinda A. Powell