UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHERRI PAULEY, | : |
| DAVID PAULEY, | : |
|     Plaintiffs, | : |
| | : |
| v. | : NO. 3:01CV02224 (CFD) |
| | : |
| TOWN OF ANSONIA, | : |
| SERGEANT ZALINSKY, | : |
| KEVIN HALE, | : |
|     Defendants. | : OCTOBER 20, 2005 |

## FIRST AMENDED COMPLAINT

1. This an action for a violation of the plaintiff's First Amendment rights arising under the United States Constitution.

2. Jurisdiction of this Court is invoked under the provisions of §§1331, 1343(3) and 1367(a) of Title 28 and §§1983 and 1988 of Title 42 of the United States Code.

3. During all times mentioned in this Complaint, the plaintiffs were, and they remain, adult residents of the State of Connecticut. They resided in Ansonia until they were forced to move as a result of their harassment by neighbors and the failure of the Ansonia Police Department to respond to their complaints. The plaintiffs now reside in Moodus, Connecticut.

4. During all times mentioned in this Complaint, the Town of Ansonia was a municipal corporation organized and operating under the laws of the State of Connecticut. The town, acting through its board of police commissioners, is the highest policy making

entity in the municipality, and sets the policies, procedures, rules, practices and customs of the Ansonia Police Department.

5. During all times mentioned in this Complaint, defendant Zalinsky was a sergeant acting within the course of and in the scope of his duties as a member of the Ansonia Police Department. He is sued in his individual capacity only.

6. During all times mentioned in this Complaint, defendant Hale was the chief of the Ansonia Police Department, acting within the course of and in the scope of his duties as chief of the department. He is sued in his individual capacities only.

7. During all times mentioned in this Complaint, the defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Connecticut and the Town of Ansonia.

8. Each defendant had a duty to prevent the others from violating the Constitutional rights of the plaintiffs, and each defendant had a reasonable opportunity to prevent the other defendants from violating the plaintiffs' rights. Despite this duty, and the opportunity to intervene, each defendant failed to intervene to protect the plaintiffs.

9. On or about 1997, the Pauleys purchased a townhouse located on Adanti Court in Ansonia with the intention of living there with their minor children. The townhouse was situated in a two-unit duplex, with an adjoining property occupied by the Hoffman family.

10. Immediately after taking possession of the their property, the Hoffman family

began to pound on the walls of the unit and otherwise attempted to make the unit uninhabitable to the Pauleys. The Pauleys nonetheless moved into the unit and attempted to reside their with their children. Upon information and belief, the Hoffmans did not want to share the duplex with a family whose members contained young children.

11. In the months and years to come the Pauleys were made the subject of many complaints to the Ansonia Police Department, the Department of Children and Families and the town's dog warden. Upon information and belief, the Hoffman's initiated all of these complaints as part of a strategy to drive the Pauleys out of their townhouse.

12. On numerous occasions, the Pauley's requested relief from the Ansonia Police Department, requesting, in particular, that the Hoffmans be arrested for filing false complaints with the police department and other law enforcement authorities.

13. Sherri Pauley made numerous complaints to Defendant Zalinsky to arrest the Hoffmans on charges of filing false police reports. Sergeant Zalinsky refused to take the complaints or to otherwise investigate Ms. Pauley's complaints, saying, on more than one occasion, that such an investigation would only fuel further bitterness by the Hoffmans. The Pauleys also made complaints to the mayor of Ansonia that they were being driven from their home by vindictive neighbors and that the police department was unwilling to do anything to intervene.

14. Upon information and belief, the Ansonia Police Department had actual notice that the Hoffmans had a history of making reckless and untrue allegations against neighbors as a means of trying to exert control over the conduct and behavior of their

neighbors. This history was known to the Ansonia Police Department, Chief Hale and Sergeant Zalinsky well before the Pauley's ever took possession of their property on Adanti Circle.

15.    Upon information and belief the Ansonia Police Department has a policy, practice and custom of not taking civilian complaints regarding the filing of false police reports in the context of neighborhood disputes. This policy was endorsed and ratified by defendant Hale.

16.    As a direct and proximate result of the defendants failure and refusal to pursue criminal charges against the Hoffmans for the filing of false complaints, the Pauleys and their children were subjected to a series of false complaints, harassment and intimidation such that they were deprived of the use and enjoyment of their home, and they were forced to sell their home on Adanti Circle and to move to another town.

17.    In 2001, the Pauleys left Ansonia and moved to Moodus, Connecticut.

18.    In the manner and means described herein, the plaintiffs, each of them, were deprived of their First Amendment rights guaranteed under the United States Constitution.

19.    As a direct and proximate result of the acts and omissions of the defendants herein described, the plaintiffs suffered emotional distress, were forced to relocate at an economic loss, and the loss of the constitutional rights herein described.

20.    The acts and omissions of the defendants were in reckless disregard of the plaintiffs' constitutional rights and inspired by malice.

WHEREFORE, the plaintiff claims judgment against the defendants as follows:

    A.    Compensatory damages in an amount this Court shall consider to be just and fair;

    B.    Punitive damages in an amount this Court shall consider to be just and fair as against defendants Hale and Zalinsky only;

    C.    Attorney fees and the cost of this action;

    D.    Such other relief as this Court shall consider to be fair and equitable.

### **CLAIM FOR JURY TRIAL**

The plaintiff claims trial by jury in this case.

                      THE PLAINTIFFS

BY_____
     NORMAN A. PATTIS
     Federal Bar No. ct13120
     Law Offices of Norman A. Pattis, LLC
     649 Amity Road
     Bethany, CT 06527
     (203) 393-3017
     Their Attorney

**CERTIFICATION**

      This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, on the above date, to the following counsel of record:

Attorney Beatrice S. Jordan
Attorney Thomas Gerarde
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

_____
NORMAN A. PATTIS