UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (CFD) |
| v. | : | |
| TOWN OF ANSONIA, ET AL | : | NOVEMBER 16, 2005 |

**OBJECTION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

  The defendants, Town of Ansonia, Stanley Zalinsky and Kevin Hale, hereby object to the plaintiffs' Motion to Amend the Complaint. As is more particularly set forth below, the proposed First Amended Complaint is barred by the applicable statute of limitations, the claims set forth in the proposed First Amended Complaint do not relate back to the original complaint, and the proposed First Amended Complaint fails to assert a cause of action in which no cognizable constitutional right exists.

**I. BACKGROUND**

  The plaintiffs initially brought this action by way of a single count Complaint dated November 26, 2001. The plaintiffs' complaint explicitly alleged a sole claim for violation of their right to equal protection pursuant to the Fourteenth Amendment of the U.S. Constitution. Specifically, the complaint alleged that their complaint stated, "an action for denial of equal protection of the law arising under the Fourteenth

ORAL ARGUMENT IS NOT REQUESTED

Amendment to the United States Constitution." (<u>See</u> Complaint, at ¶ 1.) Moreover, the complaint alleged that, "In the manner and means described herein, the plaintiffs, each of them, were deprived of the equal protection of the law." (<u>See</u> Complaint, at ¶ 18.)

On January 18, 2005, the defendants filed a Motion for Summary Judgment [Dkt. # 39] as to the plaintiffs' single count complaint. Thereafter, on March 8, 2005, the plaintiffs filed their Objection to the Defendants' Motion for Summary Judgment. In their objection, the plaintiffs wholly failed to address the equal protection claim set forth in the defendants' summary judgment motion. Rather, the plaintiffs completely abandoned their equal protection claim and argued in opposition to the summary judgment motion that the defendants violated their right to petition the government for redress of their grievances pursuant to the First Amendment of the U.S. Constitution. (<u>See</u> Plaintiffs' Objection to Defendants' Motion for Summary Judgment, at p. 8.)

By way of order dated September 28, 2005 [Dkt. # 52], the Court granted the defendants' summary judgment motion as the plaintiff failed to object to the defendants' motion challenging the equal protection claim, and further on the basis that a First Amendment claim was not alleged in the complaint. Judgment in favor of the defendants in accordance with the Court's ruling was entered by the Clerk on September 28, 2005.

On October 20, 2005, the plaintiffs filed a Motion to Reopen the Court's entry of summary judgment in favor of the defendants in order to permit the plaintiffs to amend their complaint, along with the instant Motion to Amend the Complaint and First Amended Complaint.

The defendants have objected to the plaintiffs' Motion to Reopen, and hereby object to the instant companion Motion to Amend the Complaint and First Amended Complaint for the reasons more fully set forth herein,

## II. LAW AND ARGUMENT

### A. THE PLAINTIFFS' PROPOSED FIRST AMENDED COMPLAINT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

The applicable statutory limitations period for § 1983 actions in Connecticut is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). In the instant matter, the plaintiffs' allege that they first moved into the subject residence in 1997. (See Pending First Amended Complaint dated October 20, 2005, at ¶ 9.) Immediately thereafter, the plaintiffs began having difficulty with their neighbors, and made numerous complaints to the defendants. (See id., at ¶¶ 11-13.) The plaintiffs ultimately moved from their residence in 2001. (See id., at ¶ 17.) Specifically, plaintiff Sherri Pauley testified that the plaintiffs moved from the subject residence sometime between April and July of 2001. (See Deposition Transcript of Sherri Pauley, attached

as **Exhibit A**, at p. 11, ln. 5-12.)  Accordingly, the plaintiffs had until July of 2004 within which to file their First Amendment claim against the defendants.

The plaintiffs pending First Amended Complaint dated October 20, 2005, was filed well over one year beyond the statute of limitations.  As the plaintiffs' claim is time-barred, the Motion to Amend the Complaint should be denied.

    **B.**    **THE PLAINTIFFS' PROPOSED FIRST AMENDED COMPLAINT DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT SO AS TO SURVIVE THE APPLICABLE STATUTE OF LIMITATIONS**

In the instant matter, the plaintiffs now seek to allege for the first time that the defendants violated their First Amendment rights to petition the government for redress of their grievances in that the defendants failed to take a written complaint from the plaintiffs.  Specifically, in their original complaint of November 26, 2001, the plaintiffs explicitly alleged that their complaint stated, "an action for denial of equal protection of the law arising under the Fourteenth Amendment to the United States Constitution."  (See Complaint, at ¶ 1.)  Moreover, the complaint alleged that, "In the manner and means described herein, the plaintiffs, each of them, were deprived of the equal protection of the law."  (See Complaint, at ¶ 18.)  The plaintiffs proposed First Amended Complaint now seeks to wholly delete the explicit references to their Fourteenth Amendment equal protection rights, to state a new cause of action under the First Amendment as follows:  "This is an action for a violation of the plaintiffs' First Amendment rights . . . .," and, "In the manner and means described herein, the

plaintiffs, each of them, were deprived of their First Amendment rights . . . ." (See Proposed First Amended Complaint, at ¶¶ 1, 18.)

As this Court noted in its September 28, 2005 Order granting the defendants' summary judgment motion, a First Amendment claim *was not* pled in the original complaint. The plaintiffs concede that their First Amendment theory was not pled in the original complaint. (See Motion to Amend the Complaint, at ¶ 3.) Nonetheless, they seek to amend their complaint pursuant to Fed. R. Civ. P 15 to now assert a new cause of action pursuant to the First Amendment arguing that the defendants had notice of such claim based upon their objection to the summary judgment motion, as well as the allegations of paragraphs 12 through 16 of the original complaint. (See id., at ¶ 4.) Finally, the plaintiffs argue that there is no prejudice to the defendants in the granting of the motion, and that additional discovery will not be necessary. (See id., at ¶¶ 5-6.)

A claim may relate back to the original complaint so as not to be barred by the statute of limitations only if it arises out of the same conduct, transaction of occurrence as those claims raised in the original complaint. See Wilson v. Fairchild Republic Co., Inc., 143 F.3d 733, 738 (2d Cir. 1998); Fed. R. Civ. P. 15(c). "The pertinent inquiry, in this respect, is whether the original complaint gave the defendant fair notice of the newly alleged claims." Id., citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 n.3, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

Adequacy of notice of the new claims depends upon whether the general fact situation alleged in the original complaint put the defendant on notice of the new claims within the statute of limitations.  See Stevelman v. Alias Research Inc., 174 F.3d 79, 86 (2d Cir. 1999); Rosenberg v. Martin, 478 F.2d 520, 526 (2d Cir. 1973).

First, the defendants note that the plaintiffs' opposition to the summary judgment motion fails to have timely put the defendants on notice of their First Amendment claim as the objection was filed well beyond the statute of limitations.

Secondly, the paragraphs of the complaint relied upon by the plaintiffs, namely paragraphs 12 through 16, as satisfying the adequacy of notice to the defendants of their First Amendment claim falls short of the requisite showing.  Only two of the referenced paragraphs contain any allegation regarding the refusal to take a complaint.  Specifically, paragraph 13 states that: "Sherri Pauley made numerous complaints to Defendant Zalinsky to arrest the Hoffmans on charges of filing false police reports.  Sergeant Zalinsky refused to take the complaints or otherwise investigate . . . . "  Additionally, paragraph 15 states that: "Upon information and belief the Ansonia Police Department has a policy, practice and custom of not taking civilian complaints regarding the filing of false police reports . . . ."  However, the plaintiffs go on to allege that it was the defendants' "failure and refusal to pursue criminal charges" against their neighbors which resulted in the injuries claimed.  (See Complaint, ¶ 16.) The plaintiffs' reference to the refusal to take complaints was merely set forth as

background information as to their claim of the conduct which they claim actually caused the claimed injuries, namely the failure to investigate their complaints and arrest their neighbors.  Such a general statement, when read in conjunction with the very allegation that plaintiff Sherry Pauley in fact made numerous complaints to the defendants, cannot be deemed to have put the defendants on notice that the plaintiffs intended to raise a claim for a violation of their right to petition the government for redress of their grievances under the First Amendment for the failure to take a written complaint.

Moreover, the plaintiffs' claims under the First Amendment and their stated claims under the Fourteenth Amendment are predicated upon different facts and evidence.  The entire original complaint, read in a light most favorable to the plaintiffs, indicates that the conduct complained of was the failure to investigate their complaints and to arrest their neighbors.  Accordingly all discovery in this matter focused upon the plaintiffs' claims that they were treated differently from others similarly situated, and whether the defendants in fact failed to investigate or respond to their complaints.  Permitting the plaintiffs to now amend their complaint to allege a First Amendment cause of action would require additional discovery with regard to each instance in which a written complaint and/or report was actually requested by the plaintiff and refused by the defendants.  Discovery in this regard would be essential in light of the

plaintiffs' own statements that they in fact made complaints and were never told they could not file a written complaint.

Finally, the defendants would be prejudiced by permitting the plaintiffs to amend their complaint to allege a First Amendment claim. The parties have completed discovery, and the defendants have successfully obtained judgment in their favor as to the equal protection claim. The plaintiffs now seek only to obtain a second bite at the apple to re-litigate issues previously determined in the defendants' favor, namely the absence of any constitutionally recognized right to the investigation and prosecution of a third-party.

As the proposed First Amended Complaint does not relate back to the original complaint, and the fact that the defendants would be prejudiced by permitting the amendment in light of the prior judgment in their favor and additional discovery which would be necessary, the plaintiffs' Motion to Amend the Complaint should be denied.

    **C.** **THE PLAINTIFFS' PROPOSED FIRST AMENDED COMPLAINT IS FUTILE AS THE SUPREME COURT HAS EXPLICITLY HELD THAT THE PLAINTIFFS HAVE NO CONSTITUTIONALLY PROTECTED RIGHT TO THE INVESTIGATION OR PROSECUTION OF ANOTHER**

In order to state a claim pursuant to § 1983, "a plaintiff must allege facts indicating that some official action has caused the plaintiff to be deprived of his or her constitutional rights -- in other words, there is an injury requirement to state the claim."

Colombo v. O'Connell, 310 F.3d 115,117 (2d Cir. 2002), citing Spear v. Town of West Hartford, 954 F.2d 63, 67 (2d Cir.1992).

In the instant matter, the plaintiffs now seek to allege for the first time that the defendants violated their First Amendment rights to petition the government for redress of their grievances in that the defendants failed to take a *written* complaint from the plaintiffs. However, such allegations are insufficient to establish a constitutional violation in this matter, let alone any violation of the plaintiffs' right to petition under the First Amendment.

This matter is analogous to this Court's decision in Piscottano v. Town of Somers, 2005 WL 2709352 (D. Conn. Oct. 14, 2005) (attached as **Exhibit B**). In Piscottano, the plaintiff had forwarded a letter to the defendant in which she set forth her concerns about the alleged misconduct of the co-defendant. See Piscottano, **Exhibit B**, at *11. The plaintiff requested that her concerns be placed on the next Board meeting agenda, however, it was not added as requested. See id. Moreover, the plaintiff's request to speak about her concerns at the meeting were refused by the defendant. See id. Consequently, the plaintiff alleged that the defendant's actions in refusing to permit her to speak orally at a Board meeting violated her right to petition for redress of her grievances in violation of the First Amendment. See id. In rejecting the plaintiff's claim that the defendant's refusal amounted to a legally cognizable

violation of her right to petition under the First Amendment, this Court reasoned as follows:

> The "right to petition government afforded by the First Amendment does not include the absolute right to speak in person to officials. Where written communications are considered by government officials, denial of a hearing does not infringe upon the right to petition. The right to petition government does not create in the government a corresponding duty to act."

<u>Piscottano</u>, **Exhibit B**, at *11. The Court further noted that, while the plaintiff may not be satisfied with the response to her complaint, she could not be found to have been deprived of her right to petition under the First Amendment. <u>See</u> <u>id.</u>

As in <u>Piscottano</u>, the plaintiffs in the instant matter cannot be said to have been deprived of their right to petition. On the contrary, the plaintiffs admittedly made verbal complaints to the defendants requesting relief in the form of arrest of their neighbors for the filing of allegedly false police reports. (<u>See</u> Proposed First Amended Complaint, at ¶ 13.) The plaintiffs further conceded that they were never told that they could not file a written complaint. (<u>See</u> Deposition Transcript of Sherri Pauley, **Exhibit A**, at p. 34, ln. 7-11.) Nonetheless, the plaintiffs now seek to allege a violation of their right to petition as they were not afforded the opportunity to file a *written* complaint or report. At most, the plaintiffs were simply deprived of the opportunity to memorialize their complaint in a written form. While they may not be satisfied with the response to their complaints, they cannot be said to have been deprived of their right to petition

where the admittedly verbally reported their grievances to the defendants.  See Piscottano, **Exhibit B**.

Moreover, the plaintiffs explicitly allege that their claim is predicated upon their wish to file a written complaint for the arrest of their neighbors for allegedly filing false police reports against them, to which the defendants failed to investigate or make the arrest as requested.  (See Proposed First Amended Complaint, at ¶¶ 12-13.)  The plaintiffs' claims of failure to investigate and arrest their neighbors in response to their complaints are also insufficient to establish a constitutional violation.

In Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973), the U.S. Supreme Court addressed the very issue of whether a citizen has a judicially cognizable right to the investigation or criminal prosecution of another.  Specifically, the Court held as follows:

> The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted not threatened with prosecution.  See Younger v. Harris, 401 U.S. 37, 42, 91 S.Ct. 749, 749, 27 L.Ed.2d 669 (1971); Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (19620; Poe v. Ullman, 367 U.S. 497, 501, 81 S.Ct. 1752, 1754, 6 L.Ed.2d 989 (1961).  Although these cases arose in a somewhat different context, they demonstrate that, in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.

Linda R.S. v. Richard D., 410 U.S. at 619.

Other courts addressing the issue have, likewise, held that one does not have a recognized constitutional right to have another individual investigated or prosecuted. See Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that the equal protection clause of the Fourteenth Amendment does not afford a member of the public at large, or a victim, to have a defendant criminally prosecuted); Osuch v. Gregory, 303 F.Supp.2d 189, 194 (D. Conn. 2004) (holding that "an alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted"); Lennon v. Old Saybrook, 2005 WL 677285 (D. Conn. March 21, 2005) (JCH) (attached as **Exhibit C**) (holding that a plaintiff does not have standing to bring constitutional claims against police officers for the failure to bring charges against and prosecute a third-party).

Based on the foregoing, the plaintiffs' Motion to Amend the Complaint should be denied as it is no more than a futile attempt to re-litigate a cause of action in which no constitutional rights or violation lies.

III. **<u>CONCLUSION</u>**

    For the foregoing reasons, the defendants respectfully request that the plaintiffs' Motion to Amend the Complaint be denied.

                              DEFENDANTS,
                              TOWN OF ANSONIA, SERGEANT
                              ZALINSKY AND KEVIN HALE


                              By    /s/ Beatrice S. Jordan
                                 Beatrice S. Jordan
                                 ct22001
                                 Howd & Ludorf, LLC
                                 65 Wethersfield Avenue
                                 Hartford, CT  06114
                                 (860) 249-1361
                                 (860) 249-7665 (Fax)
                                 bjordan@hl-law.com

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of November, 2005.


Kim Coleman Waisonovitz, Esquire
Law Offices of Norman A. Pattis
649 Amity Road
P.O. Box 280
Bethany, CT  06524


                                                    _____/s/ Beatrice S. Jordan_____
                                                  Beatrice S. Jordan