UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERRI PAULEY, ET AL | : | NO.: 3:01CV02224 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF ANSONIA, ET AL | : | NOVEMBER 16, 2005 |

**OBJECTION TO PLAINTIFFS' MOTION TO REOPEN**

The defendants, Town of Ansonia, Stanley Zalinsky and Kevin Hale, hereby object to the plaintiffs' Motion to Reopen the judgment of the Court granting the defendants' summary judgment motion in this matter. As is more particularly set forth below, the plaintiffs have wholly failed to make a showing of exceptional circumstances warranting the opening of the Court's judgment in this matter.

**I.    BACKGROUND**

The plaintiffs' brought this action by way of a single count Complaint dated November 26, 2001. The plaintiffs' complaint explicitly alleged a sole claim for violation of their right to equal protection pursuant to the Fourteenth Amendment of the U.S. Constitution. Specifically, the complaint alleged that their complaint stated, "an action for denial of equal protection of the law arising under the Fourteenth Amendment to the United States Constitution." (See Complaint, at ¶ 1.) Moreover,

ORAL ARGUMENT IS NOT REQUESTED

the complaint alleged that, "In the manner and means described herein, the plaintiffs, each of them, were deprived of the equal protection of the law." (See Complaint, at ¶ 18.)

On January 18, 2005, the defendants filed a Motion for Summary Judgment [Dkt. # 39] as to the plaintiffs' single count complaint. The defendants' motion was premised upon the following grounds: (1) the plaintiffs' claims for violation of their right to equal protection failed as a matter of law as the plaintiffs could not establish the requisite violation of a constitutional right in that there exists no constitutionally protected right to the investigation or criminal prosecution of another; (2) the plaintiffs' claims of violation of their right to equal protection failed as a matter of law as they did not, and could not, establish that they were treated differently from others similarly situated to them; (3) the plaintiffs' failed to state a Monell claim against the Town of Ansonia as they were unable to establish the existence of any policy or custom which resulted in a deprivation of their rights; (4) the plaintiffs' claims against the individually named defendants were barred by the doctrine of governmental immunity as their actions were objectively reasonable; and (5) the plaintiffs' attempt to allege a common law cause of action in negligence was barred by the doctrine of governmental immunity.

On March 8, 2005, the plaintiffs filed their Objection to the Defendants' Motion for Summary Judgment. In their objection, the plaintiffs wholly failed to address the

equal protection claim set forth in the defendants' summary judgment motion.  Rather, the plaintiffs completely abandoned their equal protection claim and argued in opposition to the summary judgment motion that the defendants violated their right to petition the government for redress of their grievances pursuant to the First Amendment of the U.S. Constitution.  (See Plaintiffs' Objection to Defendants' Motion for Summary Judgment, at p. 8.)

By way of order dated September 28, 2005 [Dkt. # 52], the Court granted the defendants' summary judgment motion as the plaintiff failed to object to the defendants' motion challenging the equal protection claim, and further on the basis that a First Amendment claim was not alleged in the complaint.  Judgment in favor of the defendants in accordance with the Court's ruling was entered by the Clerk on September 28, 2005.

On October 20, 2005, the plaintiffs filed a Motion to Reopen the Court's entry of summary judgment in favor of the defendants.  The plaintiffs indicated that their motion is brought pursuant to Fed. R. Civ. P. 59(e), and requests that the Court reopen the judgment and permit the plaintiffs to amend their complaint.  The plaintiffs have also filed a Motion to Amend the Complaint, along with a proposed First Amended Complaint.

For the reasons more fully set forth below, the defendants object to the plaintiffs' Motion to Reopen. In addition, the defendants have simultaneously filed an objection to the plaintiffs' Motion to Amend which they incorporate herein.

## II.   LAW AND ARGUMENT

### A.   THE PLAINTIFFS CANNOT AVAIL THEMSELVES OF FED. R. CIV. P. 59(e)

The plaintiffs purport to bring their motion pursuant to Fed. R. Civ. P. 59(e). Rule 59(e) governs the granting of new trials and/or amendment of judgments. Specifically, Rule 59(e) provides that, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment."

As a preliminary matter, the plaintiffs' claim for relief under Rule 59(e) should be denied as their motion is untimely. As indicated above, the Rule provides that any motion to alter or amend a judgment <u>must</u> be filed no later than 10 days following the entry of judgment. In the instant matter, judgment in favor of the defendants was entered on September 28, 2005. The plaintiffs did not file the instant motion until well after the 10 day limitation. Accordingly the motion is time barred.

Notwithstanding the above, the plaintiffs do not satisfy the criteria for granting relief pursuant to Rule 59(e). Specifically,

> It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple" . . . .

4

Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).  Moreover, Rule 59(e) permits only three possible bases for reconsideration of a judgment: "(1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." Ryan v. Sullivan, 2005 WL 367836, *1 (D. Conn. Jan. 25, 2005) (attached as **Exhibit A**), citing Doe v. N.Y. City Dep't of Social Services, 709 F.2d 782, 789 (2d Cir. 1983).

In the instant matter, the plaintiffs argue that the court should reopen the judgment and permit the plaintiffs to amend their complaint in order to set forth a claim pursuant to the First Amendment.  The plaintiffs further argue in support of their motion that "[t]he First Amendment theory of the plaintiffs' was not pled inadvertently . . . ."  Finally, the plaintiffs argue that their motion would present no prejudice to the parties, and is necessary to prevent a manifest injustice.

As indicated above, Rule 59(e) does not, however, afford the plaintiffs the right to pursue their claim under new theories, or to take a second bite at the apple.  See Sequa Corp., 156 F.3d at 144.  Moreover, the plaintiffs have made no showing that a reconsideration of the judgment of the Court is warranted based upon an intervening change in the law, or the availability of new evidence not previously available.  Rather, the plaintiffs simply make the bald statement that the motion is required in order to prevent manifest injustice without any showing of how manifest injustice would occur.  On the contrary, the plaintiffs are unable to make any such showing as their complaint

5

explicitly alleged a sole cause of action for violation of their equal protection rights under the Fourteenth Amendment, and the plaintiffs wholly abandoned this claim and failed to argue in opposition to it in response to the defendants challenge of the same in the summary judgment motion.

Accordingly, for the reasons stated above, the plaintiffs' Motion to Reopen should be denied.

### B. THE PLAINTIFFS' MOTION TO REOPEN SHOULD BE DENIED AS THEY FAIL TO MEET THE STANDARD FOR RELIEF FROM THE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

Any attempt by a party "to reopen a judgment in a civil action is completely controlled by Fed. R. Civ. P. 60(b) . . . . " Vassos v. Societa Trans-Oceanica Canopus, S.A., 272 F.2d 182, 183 (2d Cir. 1959).  To that end, Rule 60(b) sets forth the grounds upon which a Court may, in its discretion, rescind or amend a final judgment.  See Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Rule 60(b) provides in pertinent part: "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . . "

In evaluating relief pursuant to Rule 60(b), the Second Circuit has noted as follows:

> Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments . . . . In other words it should be broadly construed to do "substantial justice," . . . yet final

6

> judgments should not "be lightly reopened . . . ." The Rule may not be used as a substitute for a timely appeal . . . . Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.

Nemaizer, 793 F.2d at 61 (internal citations omitted). Moreover, in evaluating what constitutes mistake, inadvertence or excusable neglect under the Rule, the Second Circuit has:

> consistently declined to relieve a client under subsection [60(b)(1)] of the "burdens of final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload . . . ." Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief . . . . More particularly for our purposes, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.

Nemaizer, 793 F.2d at 62 (internal citations omitted).

As indicated previously, the plaintiffs argue in their motion that the Court should reopen its judgment in favor of the defendants on the summary judgment motion and permit the plaintiffs to amend their complaint as their claim of a First Amendment violation was not pled inadvertently. Plaintiffs' counsel's mistake and/or omission in failing to plead the First Amendment claim does not rise to the level of excusable neglect sufficient to warrant relief pursuant to Rule 60(b).

The plaintiffs made a conscious choice to explicitly plead their complaint as a sole claim for a violation of their equal protection rights under the Fourteenth

Amendment. That the plaintiffs are now dissatisfied with the resulting judgment in favor of the defendants as to that claim is not sufficient to deem the failure to include the First Amendment claim as mistake, inadvertence, surprise or excusable neglect so as to afford relief under Rule 60(b). See Nemaizer, 793 F.2d at 62.

Moreover, the plaintiffs wholly abandoned their equal protection claim in opposing the defendants' summary judgment motion, and chose to challenge the motion on the basis of a First Amendment claim which admittedly was not pled in the complaint. Notwithstanding that fact, the plaintiffs never filed a Rule 15 motion to amend the complaint so as to allege a First Amendment claim during the pendency of the action, or in conjunction with their objection to the summary judgment motion. Nor did the plaintiffs attempt to amend their complaint following the defendants' reply to their objection to the summary judgment motion in which the defendants argued that a First Amendment claim had not been pled, nor had a motion to amend under Rule 15 been filed. In fact, the plaintiffs made no attempt to set forth a First Amendment claim during the five months in which the Court's ruling on the summary judgment motion was pending, and did not seek to raise any such claim until after judgment had entered for the defendants. Plaintiffs' counsel's failure to carefully evaluate the legal consequences of pleading a sole cause of action pursuant to the Fourteenth Amendment, and in not pursuing a timely amendment of the complaint, does not provide a basis for relief from the judgment in favor of the defendants. See id. The

plaintiffs cannot now seek to avoid the consequences of their chosen counsel's acts or omissions.  See Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Accordingly, the plaintiffs Motion to Reopen should be denied as they fail to meet the standard for relief under Fed. R. Civ. P. 60(b).

    **C.**    **THE MOTION TO REOPEN THE JUDGMENT TO FILE AN AMENDED COMPLAINT IS FUTILE AS THE SUPREME COURT HAS EXPLICITLY HELD THAT THE PLAINTIFFS HAVE NO CONSTITUTIONALLY PROTECTED RIGHT TO THE INVESTIGATION OR PROSECUTION OF ANOTHER**

The plaintiffs' Motion to Reopen in order to amend the complaint in order to state a cause of action for violation of their First Amendment rights should be denied as it is no more than a futile attempt to re-litigate a cause of action in which no constitutional rights or violation lies.

The defendants hereby incorporate their argument in this regard as set forth in their Objection to Motion to Amend the Complaint dated November 16, 2005, as if fully set forth herein.

### III. **CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the plaintiffs' Motion to Reopen be denied.

                                           DEFENDANTS,
                                           TOWN OF ANSONIA, SERGEANT
                                           ZALINSKY AND KEVIN HALE


                                           By\_\_\_\_/s/\_Beatrice S. Jordan\_\_\_\_
                                              Beatrice S. Jordan
                                              ct22001
                                              Howd & Ludorf, LLC
                                              65 Wethersfield Avenue
                                              Hartford, CT  06114
                                              (860) 249-1361
                                              (860) 249-7665 (Fax)
                                              bjordan@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 16th day of November, 2005.

Kim Coleman Waisonovitz, Esquire
Law Offices of Norman A. Pattis
649 Amity Road
P.O. Box 280
Bethany, CT  06524

                                                        /s/ Beatrice S. Jordan
                                                  Beatrice S. Jordan